NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0726n.06

No. 09-3821

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Oct 26, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| GARY T. HOHN, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: NORRIS, SUTTON, and GRIFFIN, Circuit Judges.**

**PER CURIAM.** Gary T. Hohn appeals his 151-month sentence imposed by the district court on remand for resentencing. For the reasons that follow, we affirm Hohn's sentence.

In 2003, as a result of an investigation into the Green region of the Outlaw Motorcycle Club (OMC), a federal grand jury returned a forty-count indictment against Hohn, a member and former president of the OMC's Dayton, Ohio, chapter, along with thirty-seven co-defendants. After a lengthy jury trial, Hohn was convicted of racketeering in violation of 18 U.S.C. § 1962(c), conspiracy to engage in racketeering in violation of 18 U.S.C. § 1962(d), conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to use or carry firearms during and in relation to drug trafficking crimes or crimes of violence in violation of 18 U.S.C. § 924(o), distribution of and possession with intent to distribute LSD in violation of 21 U.S.C. § 841(a)(1), and use of extortionate means to collect an extension of credit in violation of 18 U.S.C. § 894. At sentencing, the district court granted Hohn a four-level reduction based on his physical condition, which included being a double amputee and suffering from such

ailments as cardiomyopathy, hypertension, congestive heart failure, peripheral vascular disease, and coronary artery disease. The district court ultimately sentenced Hohn to a total of 181 months of imprisonment. On direct appeal, we affirmed Hohn's convictions, but vacated his sentence and remanded for resentencing, holding that the district court erred, under *United States v. Booker*, 543 U.S. 220 (2005), in applying the sentencing guidelines as mandatory and in imposing a mandatory and consecutive sentence for the firearms conspiracy conviction.

On remand, Hohn filed a motion for a downward departure pursuant to USSG § 5H1.4, arguing that his extraordinary physical impairments justified a downward departure and requesting that the district court sentence him to home detention. Hohn asserted that his health had deteriorated further since his incarceration, as he had developed type 2 diabetes and one of his kidneys had failed. At resentencing, the district court acknowledged that Hohn "suffers from serious health conditions, some of which predated his arrest," but declined to "go beyond the four levels . . . already granted for his health reasons," noting that "[h]e still, in my opinion, is somewhat of a risk to the community." Taking into account the four-level departure, the district court determined that Hohn had a total offense level of 32 and a criminal history category of I, resulting in a guidelines range of 121 to 151 months of imprisonment. The district court sentenced Hohn to 151 months on each count, to be served concurrently.

This timely appeal followed. Hohn contends that the district court misapplied USSG § 5H1.4, that his sentence is procedurally unreasonable because the district court failed to address the relative efficiencies and costs of home incarceration as opposed to imprisonment, and that his sentence is substantively unreasonable in light of his present physical condition.

Hohn moved for a downward departure pursuant to USSG § 5H1.4, which provides in relevant part:

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted. However, an extraordinary physical impairment may be a reason to depart downward; *e.g.*, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

USSG § 5H1.4 (2008 ed.). To the extent that Hohn argues that the district court should have granted a departure under USSG § 5H1.4 greater than four levels, we lack jurisdiction to consider the degree of the district court's departure. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

Hohn contends that the district court failed to address whether "home detention may be as efficient, and less costly than, imprisonment," USSG § 5H1.4, and that we therefore have jurisdiction to review his sentence because it "was imposed as a result of an incorrect application of the sentencing guidelines," 18 U.S.C. § 3742(a)(2). Because Hohn did not object at resentencing to the district court's failure to address the relative efficiencies and costs of home incarceration and imprisonment, we review for plain error. *See United States v. Simmons*, 587 F.3d 348, 360 (6th Cir. 2009). In support of his argument that the district court misapplied the sentencing guidelines, Hohn relies on *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), in which we stated that USSG § 5H1.4 "require[s] the district court to consider the relative costs and efficiency of home confinement and imprisonment." *Id*. at 875. At resentencing, Hohn merely asserted that he would be dependent on Medicaid and Medicare for his healthcare if confined at home; he offered no other evidence regarding the efficiencies and costs of home confinement. Given that the district court specifically considered whether the Bureau of Prisons could accommodate Hohn's impairments and was presented with scant evidence regarding home confinement, the district court did not err, let alone plainly err, in its application of USSG § 5H1.4. *See United States v. Berro*, 348 F. App'x 98, 101 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1113 (2010).

Hohn also contends that his sentence is procedurally and substantively unreasonable. We review the district court's sentencing determination for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).

We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Hohn argues that his sentence is procedurally unreasonable because the district court failed to address the relative efficiencies and costs of home confinement as opposed to imprisonment. Except for his assertion that he would be dependent on Medicaid and Medicare if confined at home, Hohn did not make any specific arguments or present any evidence in his sentencing memorandum or motion for downward departure or at the resentencing hearings regarding the efficiencies and costs of home confinement. Nor did Hohn make any objection to the district court's failure to address the relative efficiencies and costs. Accordingly, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc); *Bostic*, 371 F.3d at 872-73. At resentencing, the district court acknowledged Hohn's serious health conditions, but noted that some of his conditions predated his arrest and stated that "[h]e still, in my opinion, is somewhat of a risk to the community." The district court satisfied its obligations by addressing the arguments presented by Hohn and explaining its reasons for declining to go beyond a four-level downward departure for health reasons. *See Rita v. United States*, 551 U.S. 338, 358 (2007).

"A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing

factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to Hohn's within-guidelines sentence. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). Hohn has failed to rebut that presumption. According to Hohn, his sentence is substantively unreasonable in light of his exceptional health issues. Again, the district court considered Hohn's serious health conditions and granted a four-level downward departure based on his physical impairments. "The mere fact that [Hohn] desired a more lenient sentence, without more, is insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

For the foregoing reasons, we affirm Hohn's 151-month sentence.