*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0343p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

      *v.*

No. 08-4275

ROSS BATTAGLIA,

        *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 07-00055-1—Kathleen McDonald O'Malley, District Judge.

Decided and Filed: November 5, 2010

Before: GILMAN and GRIFFIN, Circuit Judges; ROSE, District Judge.[*]

_____

## COUNSEL
_____

**ON BRIEF:** Vanessa F. Malone, OFFICE OF THE FEDERAL PUBLIC DEFENDER, NORTHERN DISTRICT OF OHIO, Cleveland, Ohio, for Appellant. Danel R. Ranke, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

## OPINION
_____

RONALD LEE GILMAN, Circuit Judge. Ross Battaglia pled guilty to two counts of knowingly receiving and distributing child pornography and to one count of possessing child pornography. The district court applied a five-level enhancement under the U.S. Sentencing Guidelines (U.S.S.G.) because it found that Battaglia had "[d]istribut[ed child pornography] for the receipt, or expectation of receipt, of a thing of

_____

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B). In other words, the court found that Battaglia had traded or attempted to trade child pornography. The court then considered the sentencing factors set forth in 18 U.S.C. § 3353(a), which includes the Guidelines range, and sentenced Battaglia to 140 months' imprisonment.

On appeal, Battaglia argues that the trading enhancement amounts to double counting because both the enhancement and the two counts of knowingly receiving and distributing child pornography punish him for the same thing—distributing child pornography. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Battaglia's guilty plea on the three counts of child pornography were consolidated into one Guidelines calculation in the Presentence Report (PSR) because U.S.S.G. § 3D1.2 provides that these offenses are to be grouped. The PSR determined, among other things, that the base offense level under U.S.S.G. § 2G2.2(a) was 22 and that a five-level enhancement was warranted by U.S.S.G. § 2G2.2(b)(3)(B) because Battaglia had traded child pornography.

At sentencing, Battaglia did not protest the alleged double counting. He instead argued that the trading enhancement was not warranted because the government failed to prove that he had distributed or received a specific image in trade. In response, the government contended that it did not need to prove which particular images had been traded; rather, it had to prove only that trading or attempted trading had occurred. To satisfy this burden, it proffered (1) a written statement by Battaglia admitting that he had traded child pornography over the internet, and (2) two emails sent from Battaglia's email account that strongly implied that he had traded child pornography over the internet. The district court concluded that the five-level enhancement for trading was appropriate and included it in the Guidelines calculation. Along with other enhancements and reductions, this resulted in a total offense level of 37.

Based on offense level 37 and criminal history category II, Battaglia's initial Guidelines range was 235 to 293 months' imprisonment. But the district court determined that Battaglia's criminal history was overstated and therefore departed downward to criminal history category I. That departure resulted in a Guidelines range of 210 to 262 months of imprisonment. After considering other sentencing factors, the court decided that even this range was too harsh. It ultimately sentenced Battaglia to 140 months' imprisonment, followed by a lifetime term of supervised release. Battaglia now appeals his sentence.

## II.  ANALYSIS

### A.     Standard of review

If a district court asks counsel "whether they have any objections to the sentence just pronounced that have not previously been raised," then any sentencing objections raised for the first time on appeal are reviewed under the plain-error standard. *United States v. Novales*, 589 F.3d 310, 313 (6th Cir. 2009) (citation omitted). But if the court vaguely asks whether the parties have anything more to add, such an inquiry has been found not to give the parties sufficient opportunity to object to the sentence, and later objections are reviewed under a less deferential standard. *Id.* (holding that the question "So is there anything else on these?" did not give the parties a sufficient opportunity to object to the sentence).

After rejecting Battaglia's argument that the government had not met its burden with regard to the trading enhancement, the district court asked Battaglia's counsel: "[A]s to the PSR, are there any other objections?" Battaglia's counsel answered, "No . . . ." Then, after pronouncing sentence, the court asked whether there was "[a]nything more," to which both sides responded in the negative. We need not decide whether the district court's inquiry constituted a sufficient opportunity for Battaglia to object to his sentence because his sentence should be affirmed even under a less deferential standard of review than the plain-error standard.

On appeal, criminal sentences are reviewed for both substantive and procedural reasonableness. *Gall v. United States*, 552 U.S. 38 (2007). Reasonableness is determined under the deferential abuse-of-discretion standard. *Novales*, 589 F.3d at 314.

In determining procedural reasonableness, we review whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on a reasonable determination of the facts, and adequately explained the sentence, including an explanation for any variance from the Guidelines range. *Novales*, 589 F.3d at 314. The court's legal interpretation of the Guidelines are reviewed de novo, but its factual findings are reviewed under the clearly-erroneous standard. *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007). Although the district court need not explicitly reference each of the § 3553(a) factors, there must be sufficient evidence in the record to affirmatively demonstrate that the court gave each of them consideration. *United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007).

**B.      Discussion**

"[D]ouble counting occurs when precisely the same aspect of the defendant's conduct factors into his sentence in two separate ways." *United States v. Moon*, 513 F.3d 527, 542 (6th Cir. 2008) (citation and internal quotation marks omitted). But no double counting occurs if the defendant is punished for distinct aspects of his conduct. *Id.* Once double counting occurs, we must determine if the double counting is impermissible. *United States v. Farrow*, 198 F.3d 179, 194 (6th Cir. 2000). Double counting is allowed "where it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct." *Id.* at 194. Impermissible double counting, on the other hand, "renders a sentence procedurally unreasonable." *United States v. Flack*, No. 08-5722, 2010 WL 3398483, at \*3 (6th Cir. Aug. 26, 2010) (unpublished).

Battaglia pled guilty to two counts of knowingly receiving and distributing child pornography. Specifically, he pled guilty to violating 18 U.S.C. § 2252(a)(2), which prohibits receiving or distributing visual depictions of minors engaged in sexually

explicit conduct, and he pled guilty to violating 18 U.S.C. § 2252A(a)(2), which prohibits receiving or distributing child pornography.  Appendix A of the Guidelines specifies that U.S.S.G. § 2G2.2 applies to convictions under those two statutes. Guideline § 2G2.2 mandates a base offense level of 22.   In addition to other enhancements, the district court then imposed a five-level enhancement for "[d]istribution [of child pornography] for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."   U.S.S.G. § 2G2.2(b)(3)(B).   That five-level enhancement applies to trading or attempted trading of child pornography—i.e., it applies where a defendant distributes child pornography because he or she has received child pornography or expects to receive child pornography in return.  *Id.* cmt. n.1.

Battaglia argues that his sentence is the result of impermissible double counting because the district court allegedly counted his distribution of child pornography twice: once in determining the base offense level and again in applying a five-level enhancement for trading child pornography.  In other words, Battaglia argues that his base offense level already includes the distribution that the trading enhancement seeks to punish.

We find his argument unpersuasive because its premise—that the distribution triggering the trading enhancement is the same as the distribution that violated the above statutes—is flawed.  Both  statutes in question prohibit a person from knowingly distributing child pornography.  18 U.S.C. §§ 2252(a)(2) and 2252A(a)(2).  But the enhancement applies only to those persons who distribute child pornography because they have received child pornography or expect to receive child pornography in return. U.S.S.G. § 2G2.2 cmt. n.1.  In the present case, the base offense level punishes Battaglia for distribution regardless of whether he had an expectation of receiving an image in return, whereas the enhancement punishes him for trading or attempting to trade. Because the sentence punishes distinct aspects of his conduct, no double counting occurred.  Battaglia has therefore failed to demonstrate that his sentence is procedurally unreasonable.

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.