NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0095n.06

No. 09-5812

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Feb 10, 2011

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                   )
                                            )
        Plaintiff-Appellee,                 )        ON APPEAL FROM THE
                                            )        UNITED STATES DISTRICT
        v.                                  )        COURT FOR THE EASTERN
                                            )        DISTRICT OF KENTUCKY
KEITH ANTHONY GRIFFITH,                      )
                                            )
        Defendant-Appellant.                )
                                            )

BEFORE:  SILER, MOORE, and GRIFFIN, Circuit Judges.

        GRIFFIN, Circuit Judge.

        Defendant Keith Griffith appeals the 150-month sentence imposed after he pled guilty to two

counts of distributing cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1), and one

count of brandishing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1)(A)(ii).  Finding his sentence to be procedurally and substantively reasonable, we affirm.

                                            I.

        The facts of this case are not in dispute.  On December 3, 2008, officers from the Richmond,

Kentucky, Police Department utilized a confidential informant to purchase 0.971 grams of cocaine

base from Griffith for $100.  The transaction was captured on an audio/visual recording device worn

by the informant.  The next day, the same informant went to Griffith's apartment to make another

drug purchase.  Griffith, his codefendant Aaron Brennan, and another individual were at the

apartment smoking marijuana. The informant wore a recording device which, unfortunately for the informant, was noticed by Griffith. The enraged Griffith, with the assistance of Brennan, assaulted the informant, knocked him to the floor, and repeatedly punched and kicked him.

After the informant tried unsuccessfully to escape, Brennan retrieved a semiautomatic pistol from another room. Griffith took the clip out of the pistol to make sure it was loaded, chambered the ammunition into the gun, cocked it, and held it to the informant's head, demanding to know why he should not shoot the informant. Griffith then used the pistol to strike the informant about the head several times. The informant was able to cover his head with a jacket and place a cell phone call for help to police officers nearby before Griffith knocked the phone out of his hand. When Griffith checked the pistol clip for a second time, the informant was able to escape out the door. Griffith gave chase with the pistol but was immediately confronted and arrested by the responding officers. Brennan, who left the scene, was eventually arrested and charged in the same indictment.

The informant suffered a fractured finger, a severe head laceration that required stitches, and other cuts and bruises. A subsequent search of Griffith's apartment revealed ammunition, drug paraphernalia, digital scales, and the recording device worn by the informant.

Griffith pled guilty to three counts of a six-count superseding indictment. Counts One and Two charged that he knowingly and intentionally distributed cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1); and Count Three charged Griffith with brandishing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The guilty plea was entered without the benefit of a Rule 11 plea agreement.

Griffith's advisory sentencing Guidelines range for distributing crack cocaine was 18 to 24 months of imprisonment. He faced a consecutive statutory minimum and Guidelines sentence of 84 months for brandishing a firearm, yielding a recommended Guidelines range of 102 to 107 months of imprisonment. The district court sentenced Griffith to concurrent terms of 18 months of imprisonment on the cocaine distribution counts. With regard to the firearm count, however, the court granted the government's motion for a Guidelines-based upward departure pursuant to 18 U.S.C. § 3553(b) and U.S.S.G. § 2K2.4(b) (2008), Application Note 2(B). Citing, inter alia, Griffith's use of the firearm to commit an "intentional and brutal assault" upon an unarmed government informant, the court sentenced Griffith to a consecutive term of 132 months of imprisonment, for a total term of 150 months, and four years of supervised release. Griffith now timely appeals his sentence.

## II.

Griffith contends that his 132-month sentence on the firearm count is procedurally and substantively unreasonable. Specifically, he argues that the district court failed to provide, on the record, sufficient justification for the 48-month upward departure. Griffith further maintains that an increase of this magnitude is substantively unreasonable based on the totality of the circumstances.

We review the district court's sentence for both procedural and substantive reasonableness under the deferential abuse-of-discretion standard. *United States v. Coleman*, 627 F.3d 205, 210 (6th Cir. 2010); *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010). Procedural reasonableness

encompasses "whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on a reasonable determination of the facts, and adequately explained the sentence, including an explanation for any variance from the Guidelines range." *Battaglia*, 624 F.3d at 350-51. "To meet the requirement of procedural reasonableness, the sentencing judge must set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Klups*, 514 F.3d 532, 537 (6th Cir. 2008) (citation and internal quotation marks omitted).

A sentence will be deemed substantively unreasonable if the district court arbitrarily selects a sentence, bases the sentence on impermissible factors, fails to consider pertinent sentencing factors, or gives undue weight to any pertinent factor. *United States v. Holcomb*, 625 F.3d 287, 293 (6th Cir. 2010).

"Although a sentence that falls within the Guidelines range warrants a presumption of reasonableness in this circuit, there is no presumption against a sentence that falls outside of this range." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). "'When we review a sentence outside the advisory sentencing range – whether as a product of a departure or a variance – we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range.'" *Id.* at 582 (quoting *United States v. Hernandez-Villanueva*, 473 F.3d 118, 123 (4th Cir. 2007)). "We

will not lightly disturb decisions to depart, or not, or related decisions implicating degrees of departure." *Id*. at 583 (citations and internal quotation marks omitted).

In light of Griffith's failure to raise his sentencing objections below when given the opportunity to do so by the district court, we review his procedural claims for plain error. *See Battaglia*, 624 F.3d at 350 ("If a district court asks counsel 'whether they have any objections to the sentence just pronounced that have not previously been raised,' then any sentencing objections raised for the first time on appeal are reviewed under the plain-error standard.") (citation omitted).

Our review of the record reveals no procedural or substantive errors in the district court's sentencing. Griffith concedes that the assault could serve as a basis for the departure, but contends that the district court's explanation makes meaningful review "extremely difficult." We disagree. In granting the government's motion for a Guidelines-based upward departure pursuant to U.S.S.G. § 2K2.4(b) (2008), Application Note 2(B),[1] the district court discussed at length the atypical

---

[1]U.S.S.G. § 2K2.4(b) (2008) provides:

Except as provided in subsection (c), if the defendant, whether or not convicted of another crime, was convicted of violating [18 U.S.C. §] 924(c) . . . , the guideline sentence is the minimum term of imprisonment required by statute. Chapters Three and Four shall not apply to that count of conviction.

Application Note 2(B) accompanying this Guideline states:

**Upward Departure Provision**. – In a case in which the guideline sentence is determined under subsection (b), a sentence above the minimum term required by 18 U.S.C. § 924(c) . . . is an upward departure from the guideline sentence. A departure may be warranted, for example, to reflect the seriousness of the defendant's criminal history in a case in which the defendant is convicted of an 18 U.S.C. § 924(c) . . . offense but is not determined to be a career offender under § 4B1.1.

circumstances in which Griffith brandished the firearm: Griffith "made sure not once but twice . . . that the weapon was loaded, and indeed held it to the face of [the informant] . . . intending to cause him extreme anxiety and extreme fear[,]" and "intentional[ly] and brutal[ly] assault[ed]" the informant. The district court concluded that:

> [A]n upward departure of four years will be sufficient, but not greater than necessary to create a just punishment, to promote respect for the law . . . . This is unwarranted, extreme, intentional conduct that just cannot be tolerated by decent and civilized people. And that's what this is about, showing people what respect for the law means. And I think that's the way you create it. The Court finds further that the sentence reflects the seriousness of the conduct and the offense, and that it will provide some deterrence.

These valid grounds cited by the district court as the basis for the upward departure are not redundant of matters already taken into consideration by the Guidelines. The sentencing record, from our standpoint, satisfies both the procedural and substantive aspects of the reasonableness analysis.

Moreover, contrary to Griffith's claim, the district court's written, sealed statement of reasons for the sentence, which accompanied the judgment, is not lacking in specificity. The court reiterated the "brutal assault of a confidential informant" as justification for the 48-month upward departure for Griffith's firearm conviction. Griffith's argument that the statement-of-reasons form is deficient because the court did not check the appropriate boxes rests upon the faulty premise that the court actually granted a variance, as opposed to a Guidelines-based departure. Thus, his reliance upon *United States v. Blackie*, 548 F.3d 395 (6th Cir. 2008), and *United States v. Manning*, 317 F. App'x 517 (6th Cir. 2009) (unpublished), is misplaced. In *Blackie*, we held that "the district court plainly erred when it did not refer to the applicable Guidelines range and failed to provide its specific

reasons for an upward departure or variance at the time of sentencing or in the written judgment and commitment order [by leaving blank the section of the order for facts justifying the sentence]." *Blackie*, 548 F.3d at 401-02 (emphasis omitted). In *Manning*, we held that the defendant's sentence was not procedurally reasonable because the district court failed to consider the Guidelines range or the sentencing factors and neglected to explain the chosen sentence. *Manning*, 317 F. App'x at 522-23. In the present case, by contrast, the district court's oral and written explanations supplied appropriate reasons in accordance with 18 U.S.C. § 3553(a) and (c) for the sentence and upward departure.

Lastly, Griffith contends that the district court erred in relying upon the testimony of Aaron Brennan in applying the upward sentencing departure. Before the district court pronounced the sentence, it made on-the-record findings of fact concerning the events of December 4, 2008, based upon the testimony at the sentencing hearing of the informant and Brennan. Although the court found both the informant and Brennan to be credible, the court stated that "when it comes to discrepancies, and there are a few, I am going to credit [the informant]" "[p]artly because Mr. Brennan has already indicated that he was smoking marijuana on the day in question[.]" As a result, the court had some doubt about Brennan's ability both to perceive and to recall details. However, the court credited the testimony of Brennan over that of the informant on one point – whether Griffith asked Brennan to retrieve the pistol from an adjacent room. Brennan testified that Griffith asked him to get the pistol; the informant testified that he did not hear Griffith ask Brennan for the gun. The district court found Brennan's testimony to be more reliable, in part, because the informant

"said at one point he had his coat over his head and he might have just not heard Mr. Griffith ask Mr. Brennan for the gun."

Griffith argues that the district court committed plain error by crediting the testimony of Brennan on this issue, after specifically indicating during the sentencing hearing that it considered his testimony to be less reliable than the informant's on discrepant points. Griffith argues that the court would have concluded that the firearm's presence was mere coincidence had it chosen to ignore the testimony of Brennan in favor of the informant's recollection. Consequently, according to Griffith, the court erred in finding that the firearm was used and brandished in relation to a drug trafficking offense. He therefore asserts that he should receive no sentence for brandishing the firearm or, alternatively, no upward departure.

Griffith's argument is baseless. He attempts to create a contradiction in the district court's findings where none exists. As the district court explained, the informant may not have heard Griffith ask Brennan for the pistol. In any event, this peripheral matter did not impact the district court's decision to depart upwards with regard to the sentence for brandishing the firearm.

III.

Griffith has cursorily raised other issues in his supplemental brief, including challenges to the sufficiency of the evidence and the alleged double counting of conduct in applying the upward departure. Griffith's counsel has presented these issues at the urging of his client but concedes that he has been unable to identify any authority permitting this court to address the issues on direct appeal. These arguments are foreclosed by Griffith's guilty plea, *see United States v. Bahhur*, 200

F.3d 917, 923 (6th Cir. 2000) (in the absence of a court-approved reservation of issues for appeal, a defendant pleading guilty waives all non-jurisdictional challenges to the prosecution), and by his failure to provide developed legal argument with regard to the issues. *See Brooks v. Tennessee*, 626 F.3d 878, 891 (6th Cir. 2010) (issues adverted to in a perfunctory manner, unaccompanied by some effort at developed legal argumentation, are deemed waived).

IV.

For the foregoing reasons, we affirm Griffith's sentence.