NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0997n.06

No. 11-1929

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 10, 2012*
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| TERRANCE WADE WILLIAMS, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge. Terrance Williams challenges his sentence for armed robbery

of a credit union with forced accompaniment, in violation of 18 U.S.C. § 2113(a), (d), and (e).

Williams argues that the district court impermissibly "double counted" certain offense conduct—his

abduction of a credit-union employee—when the court found that conduct to trigger both a

mandatory-minimum sentence and an enhancement to Williams's recommended sentence under the

U.S. Sentencing Guidelines. We reject his argument and affirm.

I.

Williams and two accomplices attempted to rob the Security Credit Union in Grand Blanc,

Michigan on November 15, 2010. The robbers seized the credit union's night janitor and forced him,

at gunpoint, to let them into the building. The robbers quickly set off silent alarms, however, and police apprehended Williams as he fled the scene.

Williams pled guilty. Because he abducted the night janitor during the offense, 18 U.S.C. § 2113 set a mandatory-minimum sentence of 10 years in prison and a maximum sentence of 25 years. *Id.* The Probation Department then calculated Williams's recommended Guidelines sentence to be 135-168 months, which included a four-level enhancement for the abduction. *See* U.S.S.G. § 2b3.1(b)(4)(A). The district court accepted that enhancement over Williams's objection. The court sentenced Williams to 135 months in prison.

## II.

We review the district court's interpretation of the Guidelines de novo. *See United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010). Williams argues that the district court may not use the same offense conduct—the abduction—to both impose a mandatory-minimum sentence and enhance his Guidelines range. He says that to do so was to punish him twice for the same act.

Williams overlooks the different roles that a statutory minimum and a Guidelines enhancement play in Congress's sentencing regime. The statute created a range—10 to 25 years—that was binding on the district court. The Guidelines, on the other hand, produced a non-binding recommendation that merely served (along with the other factors in 18 U.S.C. § 3553(a)) to guide the court in selecting an appropriate sentence within that range. Thus, the district court did not punish Williams twice for abducting the night janitor. Rather, it used the fact of the abduction to identify both the outer limits of its sentencing discretion and the particular sentence recommended by the Sentencing Commission.

Our cases concerning impermissible double-counting are distinguishable. In *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999), for example, we held that a district court may not use the same offense-conduct to establish a defendant's base offense-level under the Guidelines, and then enhance that same level. Here, Williams received the standard base offense-level for robbery (20), which did not take account of the abduction in any form. *See* U.S.S.G. § 2B3.1(a). So *Farrow* does not apply.

What Williams calls impermissible "double counting" is actually a standard sentencing practice in this Circuit. In *United States v. Talley*, 164 F.3d 989, 1004 (6th Cir. 1999), for example, we found no double counting where the district court enhanced Talley's Guidelines range because the victim was a "government officer or employee," U.S.S.G. § 3A1.2(a) (1998), even though the statute of conviction also required the government to prove that Talley attempted to kill "any officer or employee of the United States," 18 U.S.C. § 1114 (1998). Similarly, for many possession-with-intent-to-distribute cases, the quantity of drugs possessed will both trigger a mandatory-minimum sentence and enhance the applicable Guidelines range. *See, e.g.*, 21 U.S.C. § 841(b)(1)(A)(i) (one kilogram of heroin triggers a mandatory minimum sentence of 10 years); U.S.S.G. § 2D1.1(c)(4) (one kilogram of heroin raises the defendant's base offense-level from 12 to 32).

The district court's sentencing analysis in this case is precisely what Congress intended. *See Battaglia*, 624 F.3d at 351. Its judgment is affirmed.