NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1221n.06

No. 11-4324

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 26, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| JOSE GERARDO GUERRERO-DAVALOS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BATCHELDER, Chief Judge; DAUGHTREY and ROGERS, Circuit Judges.

PER CURIAM.  Jose Gerardo Guerrero-Davalos appeals his sentence for illegal reentry into the United States after his removal subsequent to an aggravated felony conviction.  For the following reasons, we affirm Guerrero-Davalos's sentence.

Guerrero-Davalos, a citizen of Mexico, pleaded guilty to illegal reentry by an alien who previously had been removed from the United States subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  Prior to sentencing, Guerrero-Davalos filed a sentencing memorandum seeking a variance from the advisory guidelines range of 46–57 months of imprisonment to a lower range of 12–25 months.  Guerrero-Davalos asserted in relevant part that a lower range was appropriate to avoid sentence disparities, citing the national and district sentencing statistics for immigration offenses, and that his criminal history category of III overrepresented his limited criminal involvement.  At sentencing, the district court denied Guerrero-Davalos's request

for a variance and, after considering the sentencing factors under 18 U.S.C. § 3553(a), sentenced him

to 51 months of imprisonment followed by three years of supervised release.

In this timely appeal, Guerrero-Davalos challenges his sentence, asserting that the district

court failed to consider his arguments for a variance adequately and failed to explain the basis for

rejecting those arguments. We review the district court's sentencing determination for procedural

and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v.*

*Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).

"[F]or a sentence to be procedurally reasonable, when a defendant raises a particular,

nonfrivolous argument in seeking a lower sentence, the record must reflect both that the district

judge considered the defendant's argument and that the judge explained the basis for rejecting it."

*United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (internal quotation marks and brackets

omitted). The record reflects that the district court did both in this case.

The district court specifically addressed Guerrero-Davalos's argument regarding sentence

disparities. In rejecting that argument, the district court found that the cited sentencing statistics did

not take into account Guerrero-Davalos's particular situation, specifically the 16-level enhancement

due to his prior drug trafficking offense. *See* USSG § 2L1.2(b)(1)(A)(i). The district court stated:

> And I received your memo and I've considered it. I think it loses. First of all,
> it makes an argument with regard to disparities, and under 3553(a)(6), that's certainly
> a factor the Court has to consider. The biggest problem with that is trying to compare
> apples to apples and oranges to oranges, and we have such limited information to
> make that possible.
>
> It is true that the typical sentences in the Sixth Circuit tend to be, and across
> the nation, tend to be lower, somewhere in the range of 20 months to 30 months, but
> that is not a good indicator of comparing similar cases to similar cases. The category

> is so broad, it doesn't really take into account the current situation where you receive such a large offense level increase because of the prior felony drug conviction. So I appreciate the argument, but I don't find it should succeed. So I'll deny that—what I took to be a request for a variance.

Furthermore, we have held that avoiding unwarranted sentence disparities is an "unconventional ground for challenging a *within-guidelines* sentence," such as Guerrero-Davalos's 51-month sentence:

> The point of the guidelines is to decrease sentencing disparities, an objective *furthered* by a within-guidelines sentence, as opposed to a sentence that varies above or below the advisory guidelines range. The very thing [Guerrero-Davalos] presumably wants—a below-guidelines sentence—is more likely to create disparities than eliminate them. There is nothing wrong, to be sure, with a below-guidelines sentence. It is just that a request for one should not turn on § 3553(a)(6).

*United States v. Swafford*, 639 F.3d 265, 270 (6th Cir.), *cert. denied*, 132 S. Ct. 320 (2011) (emphasis in original).

Although the district court did not expressly mention Guerrero-Davalos's argument that his criminal history was overrepresented because he had only two convictions, the district court implicitly considered and rejected his argument in finding that he had "a bad criminal record" that warranted a longer sentence. *See United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009) ("We have held that 'a district court's failure to address each argument [of the defendant] head-on will not lead to automatic vacatur' if the context and the record make the court's reasoning clear."); *see also United States v. Madden*, 515 F.3d 601, 611-12 (6th Cir. 2008). In its discussion of the § 3553(a) factors, specifically Guerrero-Davalos's history and characteristics, the district court stated:

> He was previously removed from the United States on five occasions. So working against him is the fact that he's apparently come back and forth, violating the law on a number of occasions.

He's had previous felony convictions for evading an officer, which was a serious offense. I think it gave him three points, but actually in reading the details of it, it appeared to be an extremely serious offense. The earlier offense was one in which the Defendant got into a high speed chase, over 100 miles an hour, trying to evade police officers. So in terms of his own background, that—that certainly works against him.

His other background also works against him. He was arrested in 2011 in a case out of Cleveland for drug possession. So he was involved with that. He also, though, has some other serious problems. He was on a—I think at least a couple of occasions, he was under criminal charge, and the Government in some fast track effort apparently sent him back to Mexico and let the charges pass. Specifically, Paragraph 40 was a 2008 charge of possession of a controlled substance in Illinois that the Government decided not to press. Also serious—though, I don't rely on it specifically—is Paragraph 36 where the Defendant was apparently charged with murder, but it again, seems to have involved some kind of drug transaction. And while the Defendant was not convicted of murder in that case, of a double homicide, it does appear that the background of it was that the Defendant was either involved with drug possession or was associating with people who were involved in drug possession.

So in terms of his background, those are the things that jump out. He's got a bad criminal record, and in 1999, a drug conviction also indicated—shows that he's got association with potentially violent conduct. He was found with some kind of submachine gun at that time. So all of these speak that a longer sentence is needed.

The district court indicated that the seriousness of Guerrero-Davalos's criminal history was underrepresented rather than overrepresented: "I chose the 51 months especially because of the past illegal reentries, because of the—the criminal history, at least arguably does not fully encompass the—some of the violent conduct he's been involved with in the past; and finally, because I think that the sentencing level is needed to deter him from reoffending."

Guerrero-Davalos argues that the district court did not "fully" consider or address his arguments. "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. . . . The law leaves much, in this respect, to the judge's own

professional judgment." *Rita v. United States*, 551 U.S. 338, 356 (2007). The circumstances of this case demonstrate that the district court adequately addressed Guerrero-Davalos's arguments and imposed a procedurally reasonable sentence.

Guerrero-Davalos does not clearly challenge his sentence as substantively unreasonable. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). A rebuttable presumption of substantive reasonableness applies to Guerrero-Davalos's within-guidelines sentence. *See United States v. Evers*, 669 F.3d 645, 661 (6th Cir. 2012). Guerrero-Davalos has failed to rebut that presumption. The district court considered his arguments and the relevant sentencing factors under § 3553(a) and imposed a sentence in the middle of the guidelines range. *See United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

Accordingly, we AFFIRM Guerrero-Davalos's sentence.