**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0161n.06

**No. 10-2563**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **FILED** |
| Plaintiff-Appellee, | : | **Feb 13, 2013** |
| | : | DEBORAH S. HUNT, Clerk |
| v. | : | **ON APPEAL FROM THE** |
| | : | **UNITED STATES DISTRICT** |
| | : | **COURT FOR THE EASTERN** |
| | : | **DISTRICT OF MICHIGAN** |
| VIRGIL SMOOT, III | : | |
| | : | |
| Defendant-Appellant. | : | |

**BEFORE: MOORE and COOK, Circuit Judges; BERTELSMAN, District Judge.**[*]

OPINION

PER CURIAM:

Defendant-Appellant Virgil Smoot ("Smoot"), III, appeals the jury's verdict finding him guilty of being a felon in possession of a firearm and the District Court's calculation of his sentence.

Because the District Court did not plainly err in calculating Smoot's sentence and a rational trier of fact could have found that Smoot possessed a firearm, we **AFFIRM**.

I.

Smoot argues that the District Court erred in calculating the points under his criminal history. More specifically, Smoot asserts that it is unclear what portions of the sentences referenced in

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

paragraphs 29 and 33 of the Presentence Report were actually "imposed," what portions were suspended, what the reason was for any suspension, and whether the two were related offenses that should not have been counted separately.

Since the District Court properly inquired as to whether Smoot had any other objections to the sentence, Smoot's newly-raised arguments regarding the District Court's calculation of his sentence are reviewed under the plain-error standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010) (further citation omitted).

As an initial matter, the Presentence Report is clear that the offense listed in paragraphs 29 and 33 were separate offenses. Paragraph 29 describes Smoot's arrest on February 21, 2000 for carrying a concealed weapon, and paragraph 31 explains that this offense involved a traffic stop. Paragraph 33 describes Smoot's arrest on April 22, 2000 for possession with intent to distribute cocaine, and paragraph 35 explains that this offense involved police being dispatched to a residence, where Smoot was taken into custody. Although the Presentence Report indicates that Smoot was convicted of both offenses on February 14, 2001, "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense.") United States Sentencing Guidelines ("U.S.S.G") § 4A1.2.

The Presentence Report unambiguously states in paragraph 29 that Smoot was sentenced to one (1) to five (5) years on Docket No. 00-06277-FH, he served time on that sentence, and he was subsequently paroled. *See* Presentence Report at ¶ 29. Similarly, the Presentence Report unambiguously states in paragraph 33 that Smoot was sentenced to fourteen (14) months to twenty

(20) years on Docket No. 00-07207-FH, he served time on that sentence, and he was subsequently paroled. *Id*. at ¶ 33. Under § 4A1.1(a) of the Federal Sentencing Guidelines, Smoot was sentenced to prison for a term exceeding one year and one month on each charge, and, thus, the District Court properly assigned three (3) points to each offense.

Additionally, Smoot's argument that the Presentence Report is unclear as to what portions of the sentences referred to in paragraphs 29 and 33 were suspended is unavailing. The term "suspended sentence" in the Sentencing Guidelines refers to a sentence suspended by a court, not a government agency. *United States v. Harris,* 237 F.3d 585, 589 (6th Cir. 2001). Parole authorized by a government agency is not considered a "suspended sentence" under the Sentencing Guidelines. *Id*. Since parole in Michigan is within the discretion of the Parole Board and not a court (*see e.g., Hopkins v. Michigan Parole Bd.*, 604 N.W.2d 686, 691 (Mich. Ct. App. 1999)), Smoot's sentences would not be considered "suspended" under the Sentencing Guidelines.

Therefore, it was not plain error for the District Court to assign three (3) points to each of the offenses listed in paragraphs 29 and 33 of Smoot's Presentence Report.

II.

Smoot also argues that there was insufficient evidence for the jury to convict him of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Since Smoot failed to make a motion for a judgment of acquittal under FED. R. CRIM. PRO. 29, a review of the sufficiency of the evidence is limited to determining whether the conviction was a "manifest miscarriage of justice." *United States v. Carnes*, 309 F.3d 950, 956 (6th Cir. 2002) (citation omitted). Under this standard, a conviction is only reversed if the record is "devoid of evidence pointing to guilt." *Id*.

Smoot only challenges the possession element required under 18 U.S.C. § 922(g)(1). Possession under 18 U.S.C. § 922(g)(1) may be either actual or constructive. *United States v. Grubbs,* 506 F.3d 434, 439 (6th Cir. 2007). Constructive possession exists when the defendant "does not have possession but instead knowingly has the power and intention at a given time to exercise dominion and control over an object." *Id.* (citation omitted).

The firearm in question here was located in a hollowed compartment of the console of a vehicle driven by Smoot. The vehicle, although not registered to Smoot, contained some of his personal items. Additionally, Smoot was wearing a bulletproof vest at the time of the incident.

When an officer asked about the bullet-proof vest and the firearm, Smoot referred back to a threatening phone call he had previously received. In response, the officer asked Smoot, "Is that why you were wearing a bullet-proof vest and carrying the gun?" *Id*. at 71. To which, Smoot responded, "Yeah, that's why I did it." *Id*.

Considering the evidence in a light most favorable to the Government, *United States v. Newsom*, 452 F.3d 593, 608 (6th Cir. 2006), Smoot's conviction for felon-in-possession of a firearm was not a manifest miscarriage of justice. *Carnes*, 309 F.3d at 956. Not only was the record not "devoid of evidence pointing to guilt," *id*., a rational trier of fact could have found that Smoot knowingly possessed the firearm. *Newsom*, 452 F.3d at 608.

III.

For the foregoing reasons, we **AFFIRM**.