NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0577n.06

No. 16-3147

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE SOUTHERN DISTRICT OF</td></tr>
<tr><td>BRYAN BAILEY,</td><td>)</td><td>OHIO</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

FILED
Oct 24, 2016
DEBORAH S. HUNT, Clerk

BEFORE: DAUGHTREY, ROGERS, and COOK, Circuit Judges.

PER CURIAM. Bryan Bailey challenges the procedural and substantive reasonableness of his 96-month sentence. We affirm.

Bailey pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) and 846. Bailey's presentence report set forth a guidelines range of 87 to 108 months of imprisonment based on a total offense level of 29 and a criminal history category of I. The district court sentenced Bailey to 96 months of imprisonment followed by five years of supervised release.

In this timely appeal, Bailey argues that his 96-month sentence is (1) procedurally unreasonable because the district court failed to address a mitigating argument and started from an artificially high recommended sentence and (2) substantively unreasonable in light of his post-offense rehabilitation. We review Bailey's sentence for procedural and substantive

reasonableness under a deferential abuse-of-discretion standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010).

Bailey first contends that the district court procedurally erred by failing to address his mitigating argument about the physical abuse that he suffered as a child. The district court "must consider all non-frivolous arguments in support of a lower sentence." *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010). The district court is not, however, required to "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc); *see United States v. Odeh*, 815 F.3d 968, 983 (6th Cir. 2016) ("[A] sentencing court need not, in a 'point-by-point' fashion, respond to each mitigation argument offered by a defendant."). On appeal, we must determine whether, based on the entire sentencing record, "we are satisfied that the district court fulfilled [its] obligation" to "conduct a meaningful sentencing hearing and truly consider the defendant's arguments." *Gunter*, 620 F.3d at 646.

The district court satisfied that obligation. Bailey's presentence report and sentencing memorandum both referred to the abuse inflicted by his mother's boyfriend. At sentencing, the district court acknowledged receipt of the sentencing memorandum and heard defense counsel's arguments, which mentioned the abuse but focused on Bailey's post-offense rehabilitation. Bailey's aunt testified that he came to live with her because of the abuse. The district court asked clarifying questions during the aunt's testimony, showing that the judge was listening and was aware of Bailey's circumstances. *See Vonner*, 516 F.3d at 387; *cf. United States v. Wallace*, 597 F.3d 794, 806 (6th Cir. 2010) (remanding where "the entire sentencing transcript fails to make clear whether the district court even considered the argument").

Bailey next argues that that the district court procedurally erred in starting from an artificially high recommended sentence. The probation officer recommended a 108-month sentence, the high end of the guidelines range, in part to avoid unwarranted sentencing disparities among similarly situated defendants—specifically, a defendant in a related case who received a 210-month sentence. The probation officer also based her recommendation on Bailey's "knowledge and scope of the illegal activity and his considerable involvement in transporting money and narcotics" and the need "to effectively punish the defendant and hopefully deter him from re-engaging in illegal behavior."

At sentencing, the district court indicated its agreement with defense counsel's argument that Bailey and the other defendant were not similarly situated due to differences in both offense level and criminal history category and later stated that Bailey was "nowhere near where" the other defendant was positioned in the conspiracy. The district court went on to explain why it was not imposing the recommended sentence, noting Bailey's post-offense rehabilitation and his support from family and friends, and why it was not granting a downward variance, noting his "deep and significant" involvement in the conspiracy. The district court did not err.

Bailey further asserts that the district court procedurally erred by disregarding his post-offense rehabilitation and limiting its consideration of his history and characteristics to the time of the offense. Contrary to Bailey's argument, the district court expressly considered his post-offense conduct, recognizing "the strides that Mr. Bailey has made in the last couple of years." The district court's reference to "turn[ing] the clock back three years" indicated that the court was shifting its analysis to the nature and circumstances of Bailey's offense. *See* 18 U.S.C. § 3553(a)(1).

Bailey also challenges the substantive reasonableness of his sentence, asserting that 96 months is longer than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a) in light of his post-offense rehabilitation. Bailey's "argument ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently," which is beyond the scope of our review. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Bailey has not overcome the presumption that his within-guidelines sentence is substantively reasonable. *See Vonner*, 516 F.3d at 389.

For the foregoing reasons, we **AFFIRM** Bailey's sentence.