NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0173n.06

No. 21-1493

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ADAM WAYNE CAMPBELL, | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

Before: ROGERS, KETHLEDGE, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Adam Campbell pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C § 922(g)(1). He now appeals his sentence, arguing that the district court erred when it applied a four-level enhancement for unlawfully possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). We affirm.

In August 2020, Campbell broke into a gun store in Kent County, Michigan and stole 18 firearms. Campbell left seven of the guns in a post office drop box; nine others he traded for drugs. Police arrested Campbell later that month and he eventually pled guilty to being a felon in possession of firearms.

As part of his plea agreement, Campbell "waive[d] all rights" to challenge his conviction or sentence, subject to certain exceptions. The relevant exception here would apply where "the District Court incorrectly determined the advisory Guidelines range applicable to the defendant, if the defendant objected at sentencing on that basis."

The probation office prepared a presentence report, which calculated a guidelines range of 120 months' imprisonment—the statutorily authorized maximum sentence. 18 U.S.C. § 924(a)(2). That recommendation was based in part on two enhancements. The first was a two-level enhancement for possessing firearms that were stolen. *See* U.S.S.G. § 2K2.1(b)(4)(A). The second was a four-level enhancement for possessing the firearms "in connection with another felony offense, to wit: Theft of Firearms from a Federal Firearms Licensee as charged in Count One of the Indictment." *See* U.S.S.G. § 2K2.1(b)(6)(B).

Campbell later objected that the presentence report's "guidelines calculations include two offense-level enhancements for the same behavior," namely, his theft of the firearms. Thus, he argued, the application of both enhancements amounted to double-counting. The district court overruled that objection and sentenced Campbell to 103 months' imprisonment. This appeal followed.

Campbell now challenges the district court's application of a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which applies when a defendant "used or possessed any firearm or ammunition in connection with another felony offense[.]" Specifically, Campbell presents two arguments as to why (in his view) the application of that enhancement amounted to double-counting. The first argument is the one he made to the district court: he says that the application of both the two-level and four-level enhancements punished him twice "for indistinguishable conduct." But a court may impose two sentencing enhancements for the same conduct if each enhancement punishes "distinct aspects" of that conduct. *See United States v. Sweet*, 776 F.3d 447, 450 (6th Cir. 2015). Such was the case here: the § 2K2.1(b)(4) enhancement punished Campbell for the fact that he possessed stolen guns; the § 2K2.1(b)(6)(B) enhancement punished Campbell for the facts that Campbell himself had stolen the guns, and had done so from a licensed

2

federal firearms dealer. The enhancements thus punished different aspects of Campbell's conduct, and the district court did not err when it applied the § 2K2.1(b)(6)(B) enhancement to Campbell's base-offense level. *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010).

Campbell's second argument is that "the exact same conduct that supported the offense of conviction (i.e., being a felon in possession) also supported the 'other' felony offense (e.g., the burglary)." But Campbell did not raise this argument at sentencing. And in his plea agreement, Campbell waived all challenges to his Guidelines range unless he "objected at sentencing on that basis." Campbell therefore waived this argument. *See United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012).

The district court's judgment is affirmed.