NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0096n.06

Case No. 22-3241

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 21, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE NORTHERN DISTRICT OF |
| JERED LEE WOODY, | ) | OHIO |
| Defendant-Appellant. | ) | OPINION |
|  | ) | |

Before: SUTTON, Chief Judge; SILER and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Jered Woody appeals his 46-month sentence for being a felon in possession of a firearm as procedurally and substantively unreasonable. For the reasons stated below, we affirm.

I.

On July 15, 2020, a police officer in Cleveland, Ohio, observed a vehicle parked too far away from the curb. Woody exited the vehicle and stood in the street. The officer observed what appeared to be a firearm on the driver's seat in the vehicle as Woody exited. The officer approached and announced himself; Woody ran away. After a short chase, the officer apprehended Woody. Upon questioning from the officer, Woody admitted owning the firearm. The officer recovered a loaded Sig Sauer, 9-millimeter pistol, from the vehicle.

A federal grand jury indicted Woody for one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Woody pled guilty pursuant to a plea agreement. Per the plea agreement, Woody waived his right to appeal unless his sentence exceeded the advisory Sentencing Guidelines range. Additionally, the Government agreed in the plea agreement to: (1) a three-level reduction of Woody's offense level for acceptance of responsibility, (2) an additional two-level downward departure, and (3) recommend a sentence within the advisory Guidelines range.

At the change of plea hearing, the district court, after being reminded that Woody was being prosecuted in state court for another gun possession-related offense that occurred after Woody was arrested in this case, expressed that "it's deeply troubling to me that here he gets arrested with a gun and then the next thing you know he's released on bond and he's out there with another gun." [R. 40, PageID 172–74].

On January 26, 2022, the district court commenced the sentencing hearing. After reviewing the Presentence Investigation Report, the court found Woody's advisory Guidelines range was 30 to 37 months' imprisonment based on Woody having an offense level of 15 and a criminal history category of IV. Neither party objected to the Guidelines calculation.

The district court informed the parties that it was considering an upward variance or departure because this was Woody's fifth firearm-related offense and Woody had a history of running from law enforcement. The court also expressed concern that Woody had received noncustodial sentences for his previous offenses and was arrested for an additional firearm offense while released on bond for this firearm offense. The sentencing hearing was then continued. The district court issued an order giving notice, pursuant to Federal Rule of Criminal Procedure 32(h), that it was considering a possible upward departure or variance.

On March 15, 2022, the district court completed the sentencing hearing. The district court reiterated that because Woody had an offense level of 15 and criminal history category of IV, the Guidelines range was 30 to 37 months. Again, neither party objected.

The district court heard arguments from both parties as to why it should not sentence Woody above the Guidelines range. Among other arguments, Woody argued that an above-Guidelines sentence was unwarranted because he had been shot twice in the past and suffers ongoing disabilities from those experiences. He further argued that he possessed the gun because he was scared after being shot the previous times and that he ran from the police because he fears them.

The district court responded to Woody's arguments by pointing out that based on his logic, Woody would continue to carry guns in the future, and in fact, he was arrested again for carrying a gun one year after he was arrested in this case. The district court also explained its concern that Woody had four previous firearms-related convictions between 2012 and 2021, including a conviction for firing a gun into a crowd. Further, the district court expressed disapproval that Woody was repeatedly given noncustodial sentences.

The district court then considered the 18 U.S.C. § 3553(a) factors. After reiterating the nature and circumstances of the offense, the district court discussed Woody's history and characteristics. The court reviewed Woody's criminal history. Among other things, the court noted that Woody has mental health challenges, faced abuse in his childhood, and has a history of substance abuse. Additionally, the court discussed Woody's medical issues, including complications from being shot twice. The court expressed its concern that the previous sentences Woody received had proven ineffective in deterring him from participating in criminal conduct. Further, the court discussed sentencing disparities and the average length of imprisonment for

offenders with offense levels of 17 being 37 months. Ultimately, the court announced that it decided on an upward variance and sentenced Woody to 46 months' imprisonment.

On March 17, 2022, the district court entered its judgment and statement of reasons. In the statement of reasons, the district court indicated that it granted an upward variance due to the defendant's "[l]engthy criminal history of firearm charges[,]" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by Woody. [R. 31, PageID 143–44].

II.

Woody challenges his above-Guidelines sentence as both procedurally and substantively unreasonable. Reasonableness is assessed under a deferential abuse-of-discretion standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010); *see also United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022). We first consider whether the district court committed a procedural error. *See United States v. Wright*, 747 F.3d 399, 413 (6th Cir. 2014). If we determine that the sentence is procedurally reasonable, we then assess whether the sentence is substantively reasonable. *Id.* We review the district court's legal conclusions de novo and its findings of fact for clear error. *See Nunley*, 29 F.4th at 830 (citing *Battaglia*, 624 F.3d at 351).

A.

As an initial matter, we must determine whether the district court's above-Guidelines sentence was a "variance" or a "departure." This is a question of law that we review de novo. *United States v. Denny*, 653 F.3d 415, 419 (6th Cir. 2011).

We have previously explained the difference between a departure and a variance:

> "Departure" is a term of art under the Guidelines and is distinct from
> "variance." A Guidelines "departure" refers to the imposition of a

> sentence outside the advisory range or an assignment of a criminal history category different than the otherwise applicable category made to effect a sentence outside the range. Importantly, a departure results from the district court's application of a particular Guidelines provision, such as § 4A1.3 or § 5, Part K. A "variance" refers to the selection of a sentence outside of the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a). While the same facts and analyses can, at times, be used to justify both a Guidelines departure and a variance, the concepts are distinct.

*United States v. Grams*, 566 F.3d 683, 686–87 (6th Cir. 2009) (per curiam) (internal citations omitted).

The district court's statements at the sentencing hearing and in the statement of reasons show that Woody's above-Guidelines sentence was a variance. We first consider the oral sentencing proceedings to determine whether the district court intended to vary or depart. *See Denny,* 653 F.3d at 420. At sentencing, the court reviewed the § 3553(a) factors in describing its reasoning and reaching its sentencing determination. It discussed the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to promote respect for the law and deter the defendant. *See* 18 U.S.C. § 3553(a). The court specified Woody's advisory Guidelines range and explained why an upward variance was appropriate. The court did not reference any Guidelines provision as a basis for the above-Guidelines sentence; further evidence that it was not a departure.

The district court's written statement of reasons further confirms that it varied above the advisory Guidelines range. The district court specified that it granted an upward variance due to the history and characteristics of the defendant, including a lengthy criminal history of firearms charges, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.

Woody points to the fact that the district court gave notice to the parties that it was considering an upward departure as support for his argument that the court departed above the Guidelines range. In actuality, the district court gave notice that it was considering an upward departure *or variance*. And as we explained above, the court decided on a variance at sentencing.

B.

A sentence is procedurally unreasonable "if the district court fails to calculate (or improperly calculates) the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Gates*, 48 F.4th 463, 473 (6th Cir. 2022) (quoting *United States v. Nichols*, 897 F.3d 729, 737 (6th Cir. 2018) (internal alterations, citations, and quotations omitted)).

Woody's sentence was procedurally reasonable. The district court properly calculated the Guidelines range at 30 to 37 months' imprisonment based on the charged offense, Woody's criminal history, and appropriate offense-level reductions. Clearly, the court did not treat the Guidelines as mandatory because it imposed a variance from the Guidelines. Woody has not identified any factual findings that were clearly erroneous. And the court considered the § 3553(a) factors and explained its reasons for varying.

Woody argues that his sentence is procedurally unreasonable because the district court over-emphasized his criminal history at sentencing. But that is a substantive challenge to his sentence, not a procedural challenge.

C.

Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *United States v. Rayyan*, 885 F.3d 436, 442

(6th Cir. 2018). "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Rather, substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007).

In assessing substantive reasonableness, we "consider[] the totality of the circumstances, including 'the extent of any variance from the guidelines range.'" *United States v. Johnson*, 26 F.4th 726, 736 (6th Cir. 2022) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)). The degree to which the sentence deviates from the Guidelines range is important, and there must be a "justification [that] is sufficiently compelling to support the degree of variance." *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020) (quoting *Gall*, 552 U.S. at 50). "The greater the variance, the more compelling the justification must be." *Id.* When varying outside of the Guidelines range, the district court should explain "how the present case is different from the typical or mine-run case that occupies the heartland to which the Commission intends individual Guidelines to apply." *Id.* (citations and quotations omitted). When a case is typical or mine-run, we conduct a closer review of the district court's justifications for the variance. *Id.*

We make no determination of whether this is a mine-run case because even under closer review, the district court's reason for the nine-month upward variance is sufficiently compelling. Based on the circumstances of Woody's offense and his criminal history, the district court reasonably determined that a 46-month sentence was necessary to deter Woody, as prior sentences had been ineffective. Further, Woody had exhibited a willingness to use firearms in previous incidents and he repeatedly fled from law enforcement such that the court reasonably found that

giving him a higher sentence was necessary to protect the public. And even while his case was pending before the district court, he was arrested for unlawfully possessing a firearm. The court considered each of the other pertinent § 3553(a) factors. The court fashioned Woody's sentence on an individualized basis and the court did not abuse its discretion in finding that a divergence from the Guidelines range was warranted under the circumstances. *Perez-Rodriguez*, 960 F.3d at 756.

Woody's sentence was 46 months, whereas the Guidelines range for the offense was 30 to 37 months. This creates an upward variance of roughly 25% from the high end of the range. We have upheld upward variances based on the defendant's criminal history and recidivism concerns in previous cases. *See United States v. Lightning*, 835 F. App'x 38, 43 (6th Cir. 2020) (discussing multiple cases where larger variances were upheld based on a defendant's criminal history); *United States v. Warren*, 771 F. App'x 637, 642–43 (6th Cir. 2019) ("[W]e have affirmed the imposition of sentences that deviate from the Guidelines to some degree based upon a defendant's criminal history[.]"). Thus, while the justifications in this case may not have been sufficient to warrant a more significant variance, they were sufficient to warrant the variance applied here.

Woody argues that his sentence was unreasonable because the district court placed too much weight on his criminal history. We disagree. "A district court's attach[ing] [of] great weight to a few factors does not constitute reversible error, and inevitably, [n]ot all § 3553(a) factors are important in every sentencing; often one or two prevail, while others pale." *United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020) (alterations in original; internal citations and quotations omitted). Woody's criminal history was the most significant consideration at sentencing because Woody had committed another firearm offense while released on bond and he had shown he was a danger to the public through his prior criminal conduct as reflected in his

criminal history.  *See id.* (finding that the defendant's criminal history was reasonably the most significant consideration in sentencing when the defendant had a history of violent crimes and had reoffended in a similar manner quickly upon being released from custody).

The district court also considered Woody's mitigating circumstances including Woody's personal history, life circumstances, and mental health.  Based on the totality of the circumstances, the sentence was substantively reasonable.

## III.

For the reasons stated above, we affirm the imposed sentence.