UNITED STATES of America,
Plaintiff—Appellee,

v.

Martin DOMINGUEZ, a/k/a Sal Sosa,
Gordo and Martin Beltran–Domin-
guez, Defendant—Appellant.

No. 04–50373.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 21, 2004.

Mark A. Young, Office of the U.S. Attor-
ney, Criminal Division, Los Angeles, CA,
for Plaintiff–Appellee.

G. David Haigh, Esq., Law Offices of G.
David Haigh, Santa Ana, CA, for Defen-
dant–Appellant.

Before: T.G. NELSON, WARDLAW,
and TALLMAN, Circuit Judges.

MEMORANDUM **

Martin Dominguez appeals his 272–
month sentence, imposed following a
guilty-plea conviction for one count of con-
spiracy to distribute and possess with in-
tent to distribute cocaine in violation of 21
U.S.C. §§ 846 and 841(a)(1). We have ju-
risdiction pursuant to 28 U.S.C. § 1291.

Dominguez contends that the district
court improperly enhanced his sentence
based on facts not found beyond a reason-
able doubt, *see United States v. Booker*,
— U.S. ——, ——, 125 S.Ct. 738, 748, 160
L.Ed.2d 621 (2005), and he preserved this
objection by raising it below. The govern-

---

* This panel unanimously finds this case suit-
  able for decision without oral argument. *See*
  Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and may not be cited to or by the
   courts of this circuit except as provided by
   9th Cir. R. 36–3.

ment contends that there was no constitutional error in his sentencing because Dominguez admitted the facts underlying the four-level sentencing enhancement in his plea agreement and at the change of plea hearing. We disagree.

The admissions made by Dominguez do not establish that he was a leader under U.S.S.G. § 3B1.1(a), which directs the district court to consider the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. *See* U.S.S.G. § 3B1.1(a), Application Note 4; *see also United States v. Lopez–Sandoval,* 146 F.3d 712, 717 (9th Cir.1998) (reversing U.S.S.G. § 3B1.1(a) enhancement for lack of evidence that defendant exercised any control or organizational authority over others).

It is unclear from the record whether the district court was relying exclusively on Dominguez's admissions in applying the leadership enhancement, or whether additional facts were considered. Because the admissions during sentencing were insufficient to support the enhancement, and, if additional facts were considered, it would have constituted Sixth Amendment error to enhance the sentence beyond the then-mandatory Guidelines range, we vacate the sentence and remand for re-sentencing pursuant to *Booker,* 125 S.Ct. at 769.

**SENTENCE VACATED AND REMANDED.**