**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin DOMINGUEZ, aka's Sal Sosa;**
**Martin Beltran–Dominguez; Gordo,**
**Defendant–Appellant.**

**No. 07–50234.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 16, 2008.*

Filed July 29, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Mark A. Young, Esq., Michael J. Raphael, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

G. David Haigh, Esq., Law Offices of G. David Haigh, Santa Ana, CA, for Defendant–Appellant.

Before FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

### MEMORANDUM**

Martin Dominguez appeals from the sentence the district court imposed upon him for conspiracy to distribute cocaine. 21 U.S.C. § 846. We vacate and remand.

Dominguez asserts that the district court committed procedural error when it resentenced him after we vacated a prior sentence and remanded. *See United States v. Dominguez,* 151 Fed.Appx. 500, 500–01 (9th Cir.2005) (*Dominguez I* ). We agree.

We review sentencing in a two step process in which we ask: (1) was there significant procedural error, and, if not, (2) was the sentence substantively reasonable. *See Gall v. United States,* —— U.S. ——, ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc).

Here, the sentencing founders on the first step. No doubt, that is because the district court was of the opinion that the case was remanded pursuant to our decision in *United States v. Ameline,* 409 F.3d 1073, 1074, 1084–85 (9th Cir.2005) (en banc). In that the district court erred. We expressly vacated the sentence and remanded for resentencing under *Booker. Dominguez I,* 151 Fed.Appx. at 501.

The unfortunate result is that the district court did not calculate the Guidelines range, as it was required to do. *See Gall,* —— U.S. at ——, 128 S.Ct. at 597; *Carty,* 520 F.3d at 991, 993. Moreover, the district court did not indicate that it was considering the 18 U.S.C. § 3553(a) factors and did not make findings regarding those factors. Nor can we ascertain whether the district court imposed a sentence within the proper Guidelines range. *See Rita v. United States,* —— U.S. ——, ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007); *Carty,* 520 F.3d at 994. In other words, the district court did not perform the resentencing required by our mandate and did not provide the findings and explanations required for meaningful appellate review of its decision. *See Carty,* 520 F.3d at 992.

Therefore, we must vacate and remand to the district court for a full resentencing hearing.

VACATED and REMANDED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.