RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0426p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                          No. 07-3663

NATANAEL NOVALES,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-00463—James S. Gwin, District Judge.

Submitted: December 3, 2009

Decided and Filed: December 16, 2009

Before: SILER, GILMAN, and ROGERS, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Erik Jameson Clark, Douglas R. Cole, Allison E. Haedt, JONES DAY, Columbus, Ohio, Lawrence J. Whitney, BURDON & MERLITTI, Akron, Ohio, for Appellant. Blas E. Serrano, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. Pursuant to a plea agreement, Natanael Novales pled guilty to one count of conspiracy to possess cocaine with the intent to distribute the drug. The parties agreed to recommend a sentence of 105 months' imprisonment. At Novales's sentencing hearing, however, the district court sentenced him to 110 months of imprisonment without any indication that the court had calculated the applicable Guidelines range. The court later issued written minutes and a formal judgment that inconsistently fixed

1

Novales's sentence at 100 months of imprisonment.  Novales now appeals.  For the reasons set forth below, we **VACATE** Novales's sentence and **REMAND** for resentencing.

## I.  BACKGROUND

Novales was charged with several drug-conspiracy charges as part of a multi-count, multi-defendant indictment involving a drug-distribution ring.  After the government filed notice that Novales had a prior felony drug conviction (which had the effect of increasing the mandatory-minimum sentence that Novales faced), he agreed to plead guilty.  Under the terms of his plea agreement, Novales promised to plead guilty to one count of conspiracy and to cooperate with the government in its prosecution of his coconspirators.  The government in exchange agreed to dismiss the remaining counts and to recommend a sentence of 105 months of imprisonment.  As part of the agreement, Novales generally waived his right to appeal, but reserved the right to appeal a sentence outside of the applicable Guidelines range. Novales subsequently pled guilty to one count of conspiracy to possess cocaine with the intent to distribute the drug, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B).

Before Novales's sentencing hearing, a Presentence Report (PSR) was prepared by the United States Probation Office.  The PSR concluded that Novales was subject to a statutory range of imprisonment of 10 years to life, and that his sentencing range under the U.S. Sentencing Guidelines (limited by the statutory minimum, but prior to any government-requested departure pursuant to U.S.S.G. § 5K1.1) was 120 to 125 months.  This range was derived from a criminal history category of IV and an offense level of 27.

At the sentencing hearing, the government moved for a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), in consideration of Novales's cooperation. The granting of this motion eliminated the 10-year statutory-minimum sentence and resulted in a departure that had the effect of a two-level reduction, down to an offense level of 25.  Although the district court never mentioned it, the corresponding Guidelines range was 84 to 105 months of imprisonment.

After granting the § 5K1.1 motion, the district court heard arguments from Novales's counsel, considered a statement from Novales himself, and discussed the sentencing factors under 18 U.S.C. § 3553(a).  The district court evaluated Novales's role in the conspiracy and

noted that, "taken as a whole, I find this to be within the type of conduct that is typically envisioned by the Guideline range, and I don't find any reason to depart below or to impose a higher sentence." It proceeded to review the additional sentencing factors, stating that "I think [the § 3553(a) factors] are all met by a sentence within the Guideline range, which itself will be significant." The district court also remarked that Novales was no longer subject to "the ten year mandatory minimum." Concluding its discussion, the court said that "having considered all these factors, I'm going to sentence you to a number at the low end of the Guidelines," but at that point was interrupted by the prosecutor.

Presumably concerned that the court might impose a sentence below the agreed-upon 105 months, the prosecutor made several arguments in favor of a more-than-minimum sentence. The court then stated: "All right. Well, I understand the submissions you made. But still having considered these factors, and consistent with the Sentencing Reform Act, I will sentence the defendant to 110 months of incarceration on this offense." This sentence was five months more than the top end of the applicable Guidelines range of 84 to 105 months of imprisonment.

The district court later asked Novales whether he wanted to appeal, to which Novales responded: "I don't know right now, Your Honor." An exchange then occurred between the probation officer who authored Novales's PSR and the district court:

> PROBATION OFFICER: Your Honor, if I heard you correctly, I believe the plea agreement stated that they agreed on 105 months, and the sentence is 110 months.
>
> THE COURT: Yes, but they don't get to sentence. I think I get to sentence. I don't think they give the sentences.
>
> PROBATION OFFICER: I just wanted to make sure I heard you correctly, Your Honor. Sorry.

Within several days following the sentencing hearing, the district court issued written minutes for Novales's sentencing as well as a formal judgment in the case. Both documents, without any explanation, listed Novales's sentence as *100 months*, not 110 months.

Novales subsequently appealed, and his appointed counsel (who had represented him at sentencing) filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). This court granted the motion, but determined that there were colorable issues on appeal and ordered that new counsel be appointed.

## II. ANALYSIS

### A.      Standard of review

Novales raises his sentencing arguments for the first time on appeal. As such, if the district court had given Novales an appropriate opportunity to object to his sentence, we would review these arguments under the plain-error standard, the standard most favorable to the prosecution. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc) (explaining the circumstances under which alleged sentencing errors will be reviewed under the plain-error standard).

The record, however, reveals that the district court did not give Novales an appropriate opportunity to object to his sentence because the court failed to comply with our decision in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). *Bostic* explains that so long as the district court asks counsel "whether they have any objections to the sentence just pronounced that have not previously been raised," any sentencing claims raised for the first time on appeal will be reviewed under the plain-error standard. *Id.* at 872.

In the present case, the district court inquired whether Novales wished to appeal his sentence and then asked, at the conclusion of the sentencing hearing: "So is there anything else on these?" This question closely resembles other questions that we have found insufficient under *Bostic*. *See United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007) (holding that "Do you have anything further for the record, [counsel]?" did not satisfy *Bostic*); *United States v. Clark*, 469 F.3d 568, 570-71 (6th Cir. 2006) (holding that "Anything else, [counsel]?" did not satisfy *Bostic*). Accordingly, Novales's sentencing claims merit a higher level of review than under the plain-error standard.

We review a sentence in these circumstances for reasonableness "under a deferential abuse-of-discretion standard," an analysis which consists of two components—procedural and substantive. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, this court needs to

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Id.* at 51.  Second, this court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Id.*  This second analysis "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  *Id.*

**B.        Procedural reasonableness**

In the present case, the district court committed a clear procedural error—it failed to calculate Novales's appropriate Guidelines range.  *See id.*  The district court noted that, in light of its departure pursuant to U.S.S.G. § 5K1.1, "I have set the offense level at 25 and the criminal history category at 4."  But the court then failed to complete the calculation or mention the corresponding Guidelines range of 84 to 105 months of imprisonment.  Indeed, the district court never mentioned any specific, numeric Guidelines range at any point during the hearing.

The only person who did so was Novales's trial counsel, Lawrence Whitney, who opined that the Guidelines range, before the government filed its § 5K1.1 motion, was 110 to 125 months of imprisonment before taking the statutory minimum into account.  This pronouncement was partly incorrect, however, because Novales's Guidelines range at that point would have been *100* to 125 months without the statutory minimum.  *See* U.S.S.G. ch. 5 pt. A (2006).  Given Whitney's comment and the sentence that the district court initially imposed, the court may have mistakenly believed that 110 to 125 months *was* the Guidelines range.  This would explain the court's statement at the sentencing hearing regarding its intent to choose the low end of the Guidelines range for Novales's sentence.

In any event, the district court materially erred by failing to calculate the appropriate guideline range.  *See United States v. Love*, 289 F. App'x 889, 893-94 (6th Cir. 2008) (concluding that the district court's failure to calculate the defendant's Guidelines range rendered his sentence procedurally unreasonable); *United States v. Dominguez*, 288 F. App'x 363, 364 (9th Cir. 2008) (vacating and remanding for resentencing due to the district court's failure to calculate the Guidelines range); *see also Gall*, 552 U.S. at 51 (listing the district court's "failing to calculate (or improperly calculating)" the Guidelines range as a "significant procedural error").

As a result of this error, Novales's sentencing hearing was procedurally unreasonable under *Gall*. *See Love*, 289 F. App'x at 893-94. Because this error requires a remand for resentencing, we need not determine whether Novales's sentence was substantively unreasonable. *See Gall*, 552 U.S. at 51 (explaining that the appellate court examines a sentence's substantive reasonableness only where "the district court's sentencing decision is procedurally sound").

### III.  CONCLUSION

For all of the reasons set forth above, we **VACATE** Novales's sentence and **REMAND** for resentencing.