NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0823n.06

No. 10-1575

**FILED**

**Dec 08, 2011**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

JAMES PAUL TAYLOR,

    Defendant-Appellant.

On Appeal from the United
States District Court for the
Eastern District of Michigan

---

**Before:**    **MARTIN, GUY, and GRIFFIN, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**    Defendant James Paul Taylor appeals the sentence imposed by the district court following his plea-based conviction on two charges of production of child pornography and one charge of possession of child pornography. Taylor asserts that his sentence (1) utilized an inaccurate calculation under the sentencing guidelines; (2) was based in part on information not disclosed to the defense, in violation of Fed. R. Crim. P. 32; and (3) was otherwise unreasonable. Finding the within-guidelines sentence to be reasonable, we affirm.

**I.**

    In November 2008, the Warren, Michigan Police Department contacted the Macomb County Sheriff's Department concerning the transmission of child pornography over the

internet. An investigation revealed that defendant Taylor had sent two sexually explicit images of himself and his four-year-old son to another individual, including one in which his four-year-old son was performing oral sex on Taylor.

A search of Taylor's home was conducted on November 10, 2008. Officers discovered additional images of the four-year-old as well as images of Taylor's nine-year-old son. In total, Taylor possessed 477 still images and two videos containing child pornography. Officers identified certain images depicting what they believed to be the rape of the four-year-old by Taylor. Taylor immediately confessed to taking some of the photos and to sexually assaulting both of his sons.

A six-count indictment was filed in the Eastern District of Michigan in June 2009.[1] Taylor was charged with three counts of production of child pornography under 18 U.S.C. § 2251(a); two counts of transportation of child pornography under 18 U.S.C. § 2252A(a)(1); and one count of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). Taylor pleaded guilty to two production counts and one possession count under a Rule 11 plea agreement.[2] Under that agreement, in exchange for pleading guilty to the three enumerated counts, the remaining counts were to be dismissed.

The plea agreement indicated a total offense level of 37 for Taylor, with a criminal history of I. The total offense level in the probation department's presentence report (PSR),

---

[1]Taylor was also prosecuted in state court.

[2]The production counts specified October 14 and November 4, 2008, as dates on which Taylor produced visual depictions of sexually explicit conduct involving a minor for transport in interstate commerce.

however, was 41. At sentencing, the parties agreed the offense level in the plea agreement failed to assess two additional levels for distribution, required under U.S.S.G. § 2G2.1(b)(3). The parties did not agree on the remaining two-level discrepancy between the plea agreement and the PSR, attributable to grouping the two § 2251(a) counts under U.S.S.G. § 3D1.2 in the plea agreement, but not in the PSR. Taylor objected to the fact that the PSR did not group the two counts in its offense level calculation.

The district court considered Taylor's arguments on the grouping issue at sentencing. Taylor asserted that the two § 2251(a) counts qualified for grouping under the sentencing guidelines, for the reason that the acts, which occurred on different dates, involved the same child and the same harm. The district court found that grouping did not apply to the two production counts, for the reason that the two counts stemmed from separate and independent acts and did not involve substantially the same harm. Accordingly, the district court adopted the guideline calculation contained in the PSR: a total offense level of 41 and a criminal history I. This resulted in a guideline range of 324-405 months of imprisonment.[3]

Taylor made an argument at sentencing for a 240-month sentence. The district court considered both parties' positions and noted it had read "extensively" about Taylor and his background, including a psychologist's sealed report. The district court also heard from Taylor's sons' maternal grandmother, with whom the children were placed following his

---

[3]At sentencing, the government addressed this change and "affirmed" the new scoring of the guidelines. The government further noted that its "262 months recommendation [contained in the plea agreement] was a product of recommending the top of what the guidelines that we were bound to in our Rule 11 plea agreement," and left the sentence to be imposed to the discretion of the district court.

arrest, about the impact of Taylor's behavior on his children. The court then referred to another case on its docket involving similar criminal behavior:

> I'm specifically taken with the fact that another case on my docket involving an individual named Walls, who's also being prosecuted by the U.S. Attorney's Office in Detroit involves behavior which is almost exactly the same, and his name is Eric Walls, if I'm not mistaken.
>
> . . . .
>
> Eric Walls, who is also a state defendant from Garden City but who is [i]n Federal Court on production charges is likely to get a 360-month sentence, which has been agreed upon by the government, the probation office and the defense attorney in that case. And I find that in fairness, I should not give Mr. Taylor any more than I should give Mr. Walls, or any other defendant. But by the same token, I don't think I should give him less.

The district court then gave additional rationale for its sentencing determination and imposed statutory maximum sentences of 360 months on the production counts and 120 months on the possession count, with all counts to run concurrently. This appeal followed.

**II**.

We review a sentence for both procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007), *United States v. Novales*, 589 F.3d 310, 314 (6th Cir. 2009)).

"Procedural reasonableness requires that a district court must properly calculate the guidelines range, treat the guidelines as advisory, consider the §3553(a) factors and adequately explain the chosen sentence—including an explanation for any variance from the guidelines range." *Lanning*, 633 F.3d at 474 (quoting *United States v. Presley*, 547 F.3d 625,

629 (6th Cir. 2008) (internal quotation marks omitted)). When reviewing for substantive reasonableness, we consider whether the district court "select[ed] the sentence arbitrarily, base[d] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors or g[ave] an unreasonable amount of weight to any pertinent factor." *United States v. Denny*, 653 F.3d 415, 424 (6th Cir. 2011) (quoting *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (internal quotation marks omitted)). Furthermore, a sentence that falls within the suggested sentencing Guidelines range is presumptively reasonable, and it is the defendant who bears the burden of rebutting the presumption. *See United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009), *cert. denied*, 131 S. Ct. 538 (2010).

Taylor conceded at oral argument that his first claim on appeal lacks merit. This claim addresses the district court's decision against grouping the two counts of production of child pornography. Taylor pleaded guilty to two counts brought under 18 U.S.C. § 2551(a); this is an offense addressed in the Guidelines at § 2G2.1. Under U.S.S.G. § 3D1.2(d), § 2G2.1 pornography production offenses are "[s]pecifically excluded from the operation of this subsection." *See United States v. Newsom*, 402 F.3d 780, 784 (7th Cir. 2005). Thus, regardless of its reasoning, the district court's calculation was correct.[4]

Taylor's next argument is that the district court violated Federal Rule of Criminal Procedure 32, by relying on information not disclosed to either party in formulating Taylor's sentence. The district court referred to a similar case before it, involving a defendant named

---

[4]In this portion of his brief, Taylor quotes the district court's statement that there "were rapes of four-year-old individuals," suggesting that the court believed more than one four-year-old was involved. However, a review of the record reveals that the district court was aware that there was only one four-year-old victim.

Eric Walls, where the government, probation office, and defense attorney had agreed on

imposing a 360-month sentence. Taylor argues that no information about an "Eric Walls"

was located in his PSR, and no such information was given to either the defense or the

prosecution as they prepared for sentencing.[5]

It appears that Taylor, in asserting that the district court "violated the most basic

premise of Rule 32," is referring to Federal Rule of Criminal Procedure 32(i)(B), which

provides that the district court

> must give to the defendant and an attorney for the government a written
> summary of—or summarize in camera—any information excluded from the
> presentence report under Rule 32(d)(3) on which the court will rely in
> sentencing, and give them a reasonable opportunity to comment on that
> information.[6]

Taylor's contention is that the district court's reliance on information not included in the PSR

violated his right to due process, which he asserts is the "bedrock" of Rule 32.

Federal Rule of Criminal Procedure 32 addresses post-conviction procedures to be

followed by the district court and specifically provides for required contents, disclosure, and

a timeline for the PSR prepared by the probation office. Taylor implies, without support, that

---

[5]We note that no specific objection was made by defense counsel concerning the district court's consideration of the *Walls* case at the time of sentencing. Whether our review is for plain error or abuse of discretion is of no import here, however, as we find neither.

[6]Fed. R. Crim. P. 32(d)(3) provides that:

The presentence report must exclude the following:

(A) any diagnoses that, if disclosed, might seriously disrupt a rehabilitation program;
(B) any sources of information obtained upon a promise of confidentiality; and
(C) any other information that, if disclosed, might result in physical or other harm to the defendant or others.

the probation officer assigned to his case provided otherwise undisclosed information about Eric Walls to the district court, and that discussions between the court and the officer thus violated his rights. Such speculation by Taylor does not support this claim.

As the government argues, Federal Rule of Criminal Procedure 32 does not address the situation described by Taylor. The case involving Eric Walls was not a piece of information discovered by the probation office during its investigation, excluded from the PSR and then revealed to the district court. Eric Walls is another defendant sentenced by the same judge who sentenced Taylor. In fact, the district court's comparison of the circumstances and anticipated sentence in the Walls case to the instant case falls under 18 U.S.C. § 3553(a), which *requires* a district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).[7] *See United States v. Blackie*, 548 F.3d 395, 400 (6th Cir. 2008).

In Taylor's final claim, he asserts that the district court's sentence was unreasonable because it did not consider all of the § 3553(a) factors. Taylor also asserts that the district court placed too much weight on the nature of the offense and ignored mitigating evidence contained in a report submitted by psychologist Dr. Steven Miller. Taylor asserts that these actions of the district court resulted in both procedural and substantive unreasonableness.

---

[7]*United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007) is often cited to explain the purpose of § 3553(a)(6): to guard against "*national* disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." (Emphasis added.) The fact that Mr. Walls was sentenced by the same district court, rather than a district court located in another region, does not change our analysis.

As for 18 U.S.C. § 3553(a), the record demonstrates that the district court thoroughly considered the factors listed in that provision. The district court was clearly concerned over the nature and circumstances of the crime, and considered Taylor's background, specifically acknowledging Dr. Miller's report on the record, which defense counsel described in some detail. The district court tailored its sentence to prevent Taylor's conduct from recurring, specifically with regard to Taylor's minor children, and recommended sex offender and substance abuse treatment at a federal facility. The district court considered Taylor's argument for a shorter sentence and discussed different sentences it could impose, including a sentence as long as 840 months' imprisonment. After a full discussion, the court indicated that despite the seriousness of the crime, it considered such a sentence unwarranted. The court then discussed the 360-month sentence it anticipated for a similar defendant, Eric Walls, and decided the same length of incarceration was appropriate in this case. The court's consideration of the § 3553(a) factors neither failed to take into account nor placed too much weight on any particular factor or factors.

Taylor's remaining arguments are similarly unpersuasive. Taylor suggests that Dr. Miller's report should have guided the district court's decision. He argues that the district judge "focus[ed] exclusively on the facts of the offense and his baseless fervor to protect any potential victims in imposing his sentence." Taylor points to the case of *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), where the Second Circuit determined that a 20-year statutory maximum for distribution of child pornography, a sentence within the advisory Guideline range, was substantively unreasonable. Taylor also cites *United States v. Stall*, 581

F.3d 276 (6th Cir. 2009), a possession of child pornography case in which we upheld a sentence of one day's incarceration with a 10-year period of supervised release. The sentencing guideline range in that case was 57-71 months.

The case at bar is unlike either *Dorvee* or *Stall*. In *Dorvee*, the guidelines were calculated in the PSR incorrectly, and recited on the record by the district court. The district court then imposed a sentence which it described as "relatively far below the guideline," when in fact it conformed to the guidelines. *Dorvee*, 616 F.3d at 182.[8] In *Stall*, the district court considered the defendant's background and circumstances extensively, noting it had "no reason to believe that Stall had distributed child pornography or had improper contact with actual children," and that a downward variance was permitted "if it finds that remorse is present to an exceptional degree." *Stall*, 581 F.3d at 280-81. The facts of both *Dorvee* and *Stall* distinguish those cases from the case at bar.

For all of the reasons given above, we find the 360-month, within-guidelines sentence imposed in this case was both procedurally and substantively reasonable.

The district court is **AFFIRMED**.

---

[8]The Second Circuit also found the sentence to be substantively unreasonable, in part for the reasons that the district court made an unfounded determination about the likelihood that the defendant would sexually assault a child. *Dorvee*, 616 F.3d at 183.