**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0719n.06

No. 12-4491

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Sep 15, 2014 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| LUMAE KILGORE, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, NORRIS, and WHITE, Circuit Judges.

PER CURIAM. Lumae Kilgore appeals the district court's judgment of conviction and sentence.

Kilgore pleaded guilty to conspiring to commit an offense against the United States, in violation of 18 U.S.C. § 371, and theft of government funds, in violation of 18 U.S.C. § 641. The district court determined that Kilgore's total offense level was 13, which included a two-level increase under USSG § 2B1.1(b)(11)(B)(ii) because the offenses involved the production of an authentication feature and an eight-level increase under § 2B1.1(b)(1)(E) because the amount of loss was greater than $70,000 but less than $120,000. Based on the total offense level of 13 and a criminal history category of VI, Kilgore's guidelines range of imprisonment was 33 to 41 months. The district court sentenced her to concurrent terms of 36 months and ordered her to pay restitution in the amount of $92,979.

On appeal, Kilgore argues that the district court improperly calculated the amount of loss for purposes of both the enhancement under § 2B1.1(b)(1)(E) and the restitution order, improperly applied the enhancement under § 2B1.1(b)(11)(B)(ii), and failed to adequately address her request for substitute counsel.

Kilgore first argues that the district court improperly calculated the amount of loss for purposes of both the enhancement under § 2B1.1(b)(1)(E) and the restitution order. Kilgore's appointed counsel stated at the change-of-plea hearing that Kilgore "does contest the amount of $92,979 that is in the indictment" and that he was preserving the objection to raise at sentencing. At sentencing counsel interposed three objections to the PSR; however, none regarded the amount of restitution. On appeal, Kilgore argues for the first time that she should not be held accountable for the portion of Section 8 funds that were paid toward the improperly obtained apartment during the time that she was incarcerated. We review the district court's determination of the amount of loss attributable to Kilgore for clear error and the amount of the restitution award for an abuse of discretion. *See United States v. Warshak*, 631 F.3d 266, 328 (6th Cir. 2010); *United States v. Novales*, 589 F.3d 310, 313 (6th Cir. 2009); *United States v. White*, 492 F.3d 380, 418 (6th Cir. 2007).

Because Kilgore did not object to the factual findings in the presentence report concerning her actions or the amount of loss to the government, the district court was allowed to accept those findings as accurate. *See United States v. Hockenberry*, 730 F.3d 645, 666 (6th Cir. 2013). Given the findings that Kilgore provided the means to her daughter to improperly obtain the apartment and that she maintained a residence there throughout the conspiracy, the district court did not clearly err or abuse its discretion by attributing the total amount of loss to Kilgore for purposes of the

enhancement under § 2B1.1(b)(1)(E) and the restitution order. *See* USSG §§ 1B1.3(a), 2B1.1 cmt. n.3(A)(i), (F)(ii).

Kilgore next argues that the district court improperly applied the enhancement under § 2B1.1(b)(11)(B)(ii) because there was no evidence that her offenses involved the production of an authentication feature. We review this claim for an abuse of discretion. *See Novales*, 589 F.3d at 313–14. Under § 2B1.1(b)(11)(B)(ii), a defendant's offense level is increased by two levels if the offense involved the production or trafficking of any authentication feature. An authentication feature is "any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that . . . is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified." 18 U.S.C. § 1028(d)(1); *see* USSG § 2B1.1 cmt. n.9(A).

The district court did not give reasons for imposing the two-level enhancement under § 2B1.1(b)(11)(B)(ii). There is a question as to whether the submission of the certification forms to the Department of Housing and Urban Development should be interpreted as involving "the production or trafficking of an authentication feature." If application of the enhancement was not warranted, it would result in an improperly calculated guidelines range and Kilgore's 36-month sentence would constitute an upward variance from her otherwise applicable range of 27 to 33 months. Therefore, we remand for resentencing for the district court to consider the application of this enhancement and give reasons for its decision. *See United States v. Anderson*, 526 F.3d 319, 330-31 (6th Cir. 2008); *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008).

Finally, Kilgore argues that the district court failed to adequately address the request for substitute counsel that she made during the sentencing hearing. We review this claim for an abuse

of discretion. *See United States v. Marrero*, 651 F.3d 453, 464 (6th Cir. 2011). The district court did not abuse its discretion by denying Kilgore's request, given that the request was untimely, the court adequately inquired into the basis for the request, and Kilgore's assertion that counsel failed to sufficiently explain her situation to her was belied by her statements during the change of plea hearing and the objections to the presentence report that she raised at the beginning of the sentencing hearing. *See id.*

Accordingly, we vacate the district court's judgment and remand for resentencing consistent with this opinion.