NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0042n.06

No. 13-2715

FILED
*Jan 13, 2015*
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JEREMEY LEE CORNETT, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

**Before:** COLE, Chief Judge; KETHLEDGE, Circuit Judge; OLIVER, District Judge[*]

**OLIVER, District Judge.** Defendant-Appellant, Jeremey Lee Cornett ("Defendant" or "Cornett"), appeals the order of the district court imposing a sentence of seventy months, after Cornett pled guilty to conspiracy to distribute and possess with intent to distribute heroin. For the following reasons, we **AFFIRM** the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Conviction

Defendant's sentence, which he now appeals, stemmed from his involvement in a conspiracy to distribute heroin in Menominee County, Michigan. Cornett's involvement in the conspiracy lasted less than a year. Cornett was not named in the initial Indictment, but was

---

[*]The Honorable Solomon Oliver, Jr., Chief Judge, United States District Court for the Northern District of Ohio, sitting by designation.

named as a defendant in the Superseding Indictment, which was filed in the Western District of Michigan in August 2012. On August 7, 2012, the grand jury indicted Cornett in a five-count Indictment for conspiracy to distribute and to possess with intent to distribute crack cocaine, and distribution of heroin. The Indictment named Cornett in counts 1, 3 and 4:

> Count One: Beginning in 2008 in Menominee County in the Western District of Michigan, the defendant knowingly and intentionally combined, conspired, confederated, and agreed with [co-defendants] to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin.

> Count Three: On or about February 8, 2011, in Menominee County, in the Western District of Michigan, the defendant distributed a mixture or substance containing a detectable amount of heroin.

> Count Four: On or about April 7, 2011 defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of heroin.

In November 2012, Cornett moved to dismiss the Superseding Indictment based on the claim that, prior to his indictment, federal officials promised him that he would not be charged if he assisted and cooperated with officials in their investigation. The district court denied Cornett's motion, finding that 1) Cornett's testimony was not credible; and 2) the evidence demonstrated that Cornett was not promised non-prosecution, partly because he had signed various documents indicating that his cooperation did not guarantee his immunity from indictment.

In August 2013, Cornett pled guilty to one count of conspiracy to distribute heroin and to possess with intent to distribute heroin. Cornett's plea was pursuant to a written plea agreement. In it, he agreed to "fully cooperate" with law enforcement, and stipulated that the conspiracy involved more than 100, but less than 400, grams of a heroin. In exchange for his plea and cooperation, the government agreed not to bring any additional charges against him for conduct prior to the date of agreement. The government also agreed not to oppose Cornett's request for a

three-level reduction to his offense level under the Sentencing Guidelines (the "Guidelines") for acceptance of responsibility. The plea was accepted by the district court on September 18, 2013.

### B. Guidelines Calculation and Sentencing

Under the relevant sections of the Guidelines, Cornett's base offense level was 26. Cornett was given one point for his timely plea and two points for acceptance of responsibility, which brought his offense level to 23. Cornett received 21 criminal history points, which put him at criminal history category VI. Based on these factors, Cornett's sentencing range was 92-115 months. Under 21 U.S.C. § 841(b)(1)(B)(i), the mandatory minimum for his conviction was sixty months.

Prior to sentencing, Cornett moved for a downward variance, requesting that the court impose a sentence no greater than the mandatory minimum, based on the factors set forth in 18 U.S.C. § 3553. Cornett argued that the court should vary downward for the following reasons: 1) he was involved in the conspiracy for a short amount of time; 2) his role in the conspiracy was limited; 3) his personal characteristics, specifically his addiction to heroin, warranted the imposition of a shorter sentence; and 4) he cooperated with law enforcement. The government requested a downward departure of two levels under U.S.S.G § 5K1.1.4. The government based its request for downward departure on Cornett's substantial assistance with law enforcement, but argued that a higher departure was unwarranted, because there were facts that tended to undermine his credibility. Specifically, the government contended that during an investigation into Cornett's co-defendants, Cornett became unavailable for a significant period of time, thus stymying their attempts to indict other co-conspirators.

The court denied Cornett's Motion for a downward variance, but granted a three-level departure pursuant to U.S.S.G. § 5K1.1 (one-level greater than what was requested by the

government). The court's departure reduced Cornett's sentencing range from 92-115 months, to 70-87 months. The court based its denial of Cornett's Motion on his criminal history, his continuing drug addiction, the need to protect public safety, its misgivings as to Cornett's credibility, and the seriousness of the conspiracy with which Cornett was involved. The court ultimately imposed a sentence of seventy months. At the conclusion of the hearing, the court asked Cornett if he had any "other objections to anything that has occurred [at sentencing]" that had not been addressed. Cornett objected to the court's refusal to grant his Motion for a downward variance. Cornett made no other objections.

Cornett filed the instant appeal on December 23, 2013. Cornett contends that the court committed procedural error based on the following grounds: (1) the court failed to explain why it rejected his arguments for imposing a lower sentence; (2) the court failed to analyze each of the statutory factors in § 3553(a); and (3) the court failed to provide a reasoned basis for its sentencing. He requests that his sentence be vacated and his case remanded for resentencing. Cornett does not advance any arguments in relation to the substantive components of the court's sentencing decision.

Plaintiff-Appellee United States of America ("Appellee") contends that there was no error because the court addressed Cornett's arguments, adequately addressed the § 3553(a) factors, and sufficiently explained the basis for its decision. Appellee further argues that the case should be adjudicated under the "plain error" standard of review because Cornett failed to raise the instant procedural objections at sentencing.

## II. LAW AND ANALYSIS

### A. Standard of Review

Cornett challenges the procedural reasonableness of his sentence. Sentences in criminal cases are generally reviewed under the abuse-of-discretion standard. *United States v. Novales*, 589 F.3d 310, 314 (6th Cir. 2009). "An abuse of discretion occurs when the reviewing court is left with the definite and firm conviction that the trial court committed a clear error of judgment." *United States v. Hunt*, 521 F.3d 636, 648 (6th Cir. 2008) (internal quotation marks omitted). We instead apply plain-error review to any procedural reasonableness arguments that were not raised during the sentencing proceedings, provided that the sentencing judge asked whether there were any new objections after announcing the sentence, but before concluding those proceedings. *See United States v. Freeman*, 640 F.3d 180, 185–86 (6th Cir. 2011); *see also United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). Plain error requires a showing of "(1) error (2) that was obvious or clear, (3) that affected [the] defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks omitted).

Cornett contends on appeal that the sentencing court committed procedural error in three ways: (1) the court failed to adequately explain why it rejected his arguments for imposing a lower sentence; (2) the court failed to properly address the statutory factors in § 3553(a); and (3) the court generally failed to explain the basis for its sentencing. After the district court explained its sentence and provided an opportunity to object, Cornett reiterated his request for a downward variance based on his assistance to law enforcement and his addiction to heroin. (R. at 1862–64, 1877.) Therefore, he has preserved his first issue for review on appeal under the abuse-of-discretion standard. He has not preserved his other arguments because he failed to object to the

court's treatment of the § 3553(a) factors or its explanation for its sentence. (*See* R. at 1877.) Therefore, we review those issues for plain error.

### B. Procedural Error

### 1. Failure to Discuss Reasons for Rejecting Cornett's Variance

Cornett first argues that the trial court erred because it failed to "meaningfully discuss why it rejected Mr. Cornett's argument for variance." Cornett argues that the evidence demonstrates that he provided substantial assistance to law enforcement through participating in several controlled buys and serving as a witness in his co-defendants' trials. Cornett further argues that the sentencing court should have taken into consideration his addiction to heroin, which, he claims, prompted his involvement in the conspiracy.

Cornett's arguments are not well taken. The record indicates that the court addressed why it rejected some of Cornett's arguments in support of a downward variance. The court stated: "I recognize what he has said here today. And, yes, people here – Many people who come through this court are addicts. That's no excuse. That's the system. . . . And I think, with respect to the criminal record here, I think facts speak louder than words." Thus, the court determined, although its explanation was brief, that more weight should be given to Cornett's criminal record than his drug addiction.

Under relevant legal authority, this is sufficient. While it is true that the Supreme Court has stated that where the relevant party puts forth "nonfrivolous" reasons for imposing a different sentence, a judge will normally explain why those arguments were rejected, it has also made clear that a sentencing court's explanation need not be lengthy, but can be brief if the circumstances do not warrant a lengthier explanation. *See Rita v. United States*, 551 U.S. 338, 357 (2007) (stating that "sometimes the circumstances will call for a brief explanation;

sometimes they will call for a lengthier explanation"). *Rita* suggests that a briefer explanation is sufficient where the matter is "conceptually simple," and "the record makes clear that the sentencing judge considered the evidence and arguments." *See id.* at 339. Here, the matter was conceptually simple—the court had to weigh Cornett's criminal history and his vulnerability to recidivism against his assistance to the government and personal characteristics. The court had no evidence to consider other than Defendant's allocution and arguments of counsel. Further, the record indicates that the court considered the evidence and arguments. Thus, the court's explanation in rejecting Cornett's arguments evinces no abuse of discretion.

Further, because the court accepted the government's motion for downward departure, there is reason to believe that the court also accepted some of the arguments underlying Cornett's downward-variance motion. The crux of the government's motion was that a downward departure was appropriate given Cornett's assistance to law enforcement. Because the court granted the government's motion, it implicitly adopted this view. There is no duty for the court to explicitly conduct analysis of each of a defendant's arguments when those arguments are ultimately accepted by the court.

Consequently, the court finds no abuse of discretion in the manner in which the court rejected Cornett's arguments for a downward variance.

### 2. Failure to properly address the statutory factors of 3553(a)

Cornett also argues that the court erred because it failed to "adequately address" the "nature and circumstances of the offense" and the "history and characteristics of the defendant" as required by 18 U.S.C. § 3553(a). Section 3553(a) provides, in relevant part:

> The court, in determining the particular sentence to be imposed, shall consider--
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--

7

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense

18 U.S.C. § 3553(a)(1)−(7). Cornett argues that the court's treatment of the § 3553(a) factors was "conclusory," and thus there is reason to believe that the court did not adequately consider them.

Again, Cornett's argument is not well taken. The court has no duty to explicitly go through and discard or accept every factor; rather, the court must "make an individualized assessment based on the facts presented, and must discuss *all relevant statutory factors* to facilitate reasonable appellate review." *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009) (internal quotation marks omitted) (emphasis added). The court's addressing of these factors need not be explicit—it is sufficient for the sentencing court to incorporate discussion of the § 3553(a) factors into its discussion of the sentence it imposes. *See United States v. McBride*, 434 F.3d 470, 476 n.3, 477−78 (6th Cir. 2006) (finding no error where the court "discussed the sentence as a means to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense").

Similar to *McBride*, the court below addressed the factors through its discussion of Cornett's sentence. Specifically, the court addressed Cornett's criminal history, his potential for

recidivism, the seriousness of the offense, and the public safety concerns in allowing further departure from the Guidelines. Although the court did not mention every factor listed in § 3553(a), it did, in accordance with Sixth Circuit law, address those factors it found to be relevant to Cornett's case.

Thus, there is no plain error in the court's treatment of the § 3553(a) factors.

### 3. Failure to provide reasoned basis for the decision announced

Finally, Cornett argues that the court erred in not providing a reasoned basis for its sentencing decision. Here, Cornett essentially reiterates his prior arguments, and contends that the combination of the court's errors means that the court did not adequately pronounce its reasons for the sentence that it imposed. In making this argument, Cornett relies primarily on *United States v. Ferguson*, a case in which the defendant-appellant appealed a 200-month sentence for conspiracy to sell crack cocaine. *See United States v. Ferguson*, 518 F. App'x 458 (6th Cir. 2013). In *Ferguson*, the defendant-appellant challenged the procedural reasonableness of the sentence imposed by the district court. *See id.* at 463. Cornett's reliance on *Ferguson* is misplaced. In *Ferguson*, the sentencing court made the following remarks to explain why it was imposing the sentence it did:

> I am going to sentence you to—well, I'm not going to sentence you to the very bottom of your range, it's going to be closer to the bottom than it is to the top of your range, but, you know, Mr. Ferguson, I hate to say it, you and you alone are the one that brought this to pass in your life.

*See id.* at 470. This court ultimately concluded that:

> [T]he District Judge made only a generalized, nonspecific allusion to "all of the facts and circumstances" of the case "as well as his history and characteristics." The only "characteristics" which the judge specifically mentioned were the defendant's (relatively) young age (39) and how the defendant "alone [was] the one that brought this to pass in [his] life.". . . [T]he conclusory reference to the defendant's "history and characteristics" precludes assessment by this court of whether the Judge in fact considered these categories . . . .

9

*See id.* at 467.

The same cannot be said about the sentencing court's decision here. The court's burden in explaining its sentencing decision has been described by this court as "modest." *Id.* at 470. Here, the sentencing court addressed Cornett's criminal history, listing the various convictions Cornett had received, which span over several years. The court also indicated its concern about Cornett's potential to recidivate, because of his drug addiction and criminal record. These concerns led the court to conclude that "protection of the public is a legitimate consideration." The court also spoke to the seriousness of Cornett's offense, stating that "the defendant was part of a large distribution network . . . [and] what he did affected other people, not alone himself." The Sixth Circuit has held that "while something less than a factor-by-factor recitation is acceptable, something more than a simple and conclusory judicial assertion that the court has considered 'the nature and circumstances of the offense and the history and characteristics of the defendant' is essential." *Ferguson*, 518 F. App'x at 467 (citing *Vonner*, 516 F.3d at 389). Here, the court's explanation was not conclusory—the court summarized the main factors motivating its ultimate decision to impose the sentence it did. The sentencing court was under no obligation to provide the type of detail that Cornett seems to suggest is necessary. Rather, "a district court must offer only a general statement of the reasons for its imposition of the particular sentence." *See Ferguson*, 518 F. App'x at 470 (internal quotation marks omitted).

Consequently, there is no plain error in the court's recitation of the reasons behind the sentence it imposed.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment rendered and sentence imposed by the district court.