NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0066n.06

No. 21-1479

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Feb 07, 2022 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JONATHON ANTHONY THOMAN, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  McKEAGUE, BUSH, and READLER, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**.  Jonathon Anthony Thoman pleaded guilty to being a felon in possession of firearms and received a significant downward departure in his sentence after his extensive cooperation with the government.  He now argues that his sentence was procedurally unreasonable.  It was not, so we affirm.

Thoman, a felon, possessed three firearms, which law enforcement officers found when executing a search warrant at his house.  He pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).  In his plea agreement, he acknowledged that he faced a statutory minimum of 180 months' incarceration under the Armed Career Criminal Act.

Under 18 U.S.C. § 3553(e), a district court may impose a sentence below the statutory minimum for "substantial assistance" provided to the government by a defendant; Section 5K1.1 of the U.S. Sentencing Guidelines sets out the factors to be considered for such a departure. Thoman provided substantial assistance to law enforcement, so the government filed a motion

1

recommending that the district court deviate from the statutory mandatory minimum and grant a 35-month downward departure in Thoman's sentence. Thoman requested an even greater departure, arguing that he "cooperated at his own peril and continues to do so."

The district court granted the motion and went beyond the government's recommendation to grant Thoman a 48-month downward departure. That resulted in a total sentence of 132 months' imprisonment. Neither Thoman nor the government objected to this sentence. Thoman was ordered to surrender to the Bureau of Prisons in August 2021, which he did not do. He was a fugitive for almost five months before his arrest in January 2022. In the meantime, he filed this timely appeal.

A sentence may be procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range . . . and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (citation omitted). We lack jurisdiction to consider a criminal defendant's appeal as to the extent of a district court's downward departure. *United States v. Jones*, 417 F.3d 547, 550 (6th Cir. 2005). But the method that the district court employs to calculate a downward departure is reviewable. *United States v. Stewart*, 306 F.3d 295, 331 (6th Cir. 2002).

Thoman argues that his sentence was procedurally unreasonable because the district court did not correctly apply the § 5K1.1 factors to determine its downward departure. Thoman did not object to the proposed sentence below, so we review his claims for plain error. *United States v. Novales*, 589 F.3d 310, 313 (6th Cir. 2009). Plain-error review requires that Thoman show "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (cleaned up).

In its motion, the government outlined the significance of Thoman's assistance, the truthfulness of the information he provided, and the nature and extent of his assistance, *see* USSG § 5K1.1(a)(1)–(3), which the district court noted was "quite helpful . . . in evaluating [Thoman's] cooperation here." The district court scrutinized arguments from both sides and concluded that a downward departure of 48 months was appropriate. It next considered the required § 3553(a) factors and sentenced Thoman to 132 months' imprisonment. In doing so, the district court considered the relevant factors and departed even further downward than the government had requested. And Thoman has shown no error in the district court's application of the § 5K1.1 factors, let alone error that, if resolved, would result in a different sentence. *See United States v. Gabbard*, 586 F.3d 1046, 1051 (6th Cir. 2009) (per curiam) (citing *Vonner*, 516 F.3d at 388).

Thoman appears to be trying to fit a square peg into a round hole by couching his ultimate complaint that his sentence was still too long in the form of a claim that the district court did not properly consider the necessary factors. But nothing in our caselaw requires the district court to recite a "ritualistic incantation" of these factors. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998) (quotation omitted). The district court reviewed the evidence submitted by both parties and concluded that, against the background of the relevant factors, a downward departure greater than that requested by the government was warranted. We affirm.