NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0467n.06

No. 24-3043

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 25, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| LOUCANE MCCORMICK, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

Before: BATCHELDER, MOORE, and BUSH, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Defendant-appellant Loucane McCormick appeals his sentence for Hobbs Act robbery, arguing that the district court erred when it applied a two-level enhancement because McCormick "physically restrained" a person to facilitate the robbery, rendering his sentence procedurally unreasonable. Because the district court interpreted the Sentencing Guidelines' use of the term "physically restrained" in accord with our precedent, we **AFFIRM** McCormick's sentence.

**I. BACKGROUND**

After McCormick and an associate committed an armed robbery of a Family Dollar store, McCormick was convicted upon a jury trial of interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count One), and of using or carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2) (Count Two). R. 98 (Judgment at 1) (Page ID #733). The district court sentenced McCormick to 36

months of imprisonment on Count One and 120 months of imprisonment on Count Two, to be served consecutively. *Id.* at 2 (Page ID #734).

In imposing McCormick's sentence on Count One, the district court applied U.S. Sentencing Guidelines (U.S.S.G.) Manual § 2B3.1(b)(4)(B), a two-level enhancement for robberies where a "person was physically restrained to facilitate commission of the offense," noting that the evidence admitted at trial showed that McCormick "led an employee [named Brandon Serrano] from the back of the store to the front of the store at gunpoint, and once at the front of the store pointed the firearm at [him and] the [other] employees working at the cash register and locked the front doors limiting these employees' movements" and concluding that "the specific offense characteristic [of physical restraint] d[id] apply." R. 116 (Sent'g Tr. at 10:4–9) (Page ID #1771); *see also* R. 112 (Trial Tr. Vol. II at 324) (Page ID #1079); R. 94 (PSR at 4) (Page ID #696). McCormick argues that the district court erred by applying the physical-restraint enhancement, but he does not dispute the version of the facts stated by the district court and summarized above. *See* Appellant Br. at 7–8.

McCormick asserts that his sentence for Count One is procedurally unreasonable because, under McCormick's construction of our law, "[t]here was no evidence that Mr. McCormick physically restrained any person." Appellant Br. at 9. McCormick thus argues that the district court erred in applying the physical-restraint enhancement resulting in a two-level increase in McCormick's offense level for Count One and, accordingly, a Guideline sentence of 51–63 months of imprisonment on that count. R. 116 (Sent'g Tr. at 9:19–11:9) (Page ID #1770–72). McCormick concludes that his sentence is procedurally unreasonable because, absent the physical-restraint

enhancement, his Guideline sentence on Count One would have been 41–51 months.[1]  Appellant Br. at 17.

## II.  ANALYSIS

### A.  Standard of Review

We review criminal sentences for both substantive and procedural reasonableness.  *United States v. Stewart*, 628 F.3d 246, 257 (6th Cir. 2010).  "Substantive reasonableness is concerned with the length of a sentence in context, 'tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'"  *United States v. Snelling*, 768 F.3d 509, 511–12 (6th Cir. 2014) (quoting *United States v. Novales*, 589 F.3d 310, 314 (6th Cir. 2009)).  "Procedural reasonableness, on the other hand, is concerned with the method by which the court arrives at the sentence.  For a sentence to be procedurally reasonable, the court 'must properly calculate the Guidelines range, treat the guidelines as advisory, consider the § 3553(a) factors and adequately explain the chosen sentence.'"  *Id.* at 512 (quoting *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008)).

Ordinarily, we review a district court's sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  But "whether th[e] facts as determined by the district court warrant the application of a particular guideline provision is purely a legal question and is reviewed de novo."  *Snelling*, 768 F.3d at 512 (quoting *United States v. Rothwell*, 387 F.3d 579, 582 (6th Cir. 2004)).  McCormick asks us to determine whether the facts of his offense trigger the physical-

---

[1]We note that the district court imposed a below-Guidelines sentence for Count One that is actually lower than the 41–51 months' Guidelines range McCormick claims the court should have calculated.

restraint enhancement. We thus review de novo the district court's decision to impose the enhancement, but we ultimately reach the same result.

## B. The Physical-Restraint Enhancement

The U.S. Sentencing Guidelines provide for a two-level enhancement in the base offense level if, during a robbery, "any person was physically restrained to facilitate commission of the offense or to facilitate escape." U.S. Sent'g Guidelines Manual § 2B3.1(b)(4)(B) (U.S. Sent'g Comm'n 2023). Application note 1(L) to U.S.S.G. § 1B1.1 defines "physical restraint" as "forcible restraint of the victim such as by being tied, bound, or locked up."

We have joined other circuits in holding that the physical-restraint enhancement may be properly applied where a defendant brandishes a firearm to "impos[e] [a] restraint on [a victim's] movement." *United States v. Coleman*, 664 F.3d 1047, 1050–51 (6th Cir. 2012). Courts have reasoned that, for purposes of U.S.S.G. § 2B3.1(b)(4)(B), "the mere 'obvious presence of handguns ensure[s] the victims' compliance and effectively prevent[s] them from leaving the room' during a . . . robbery." *Id.* at 1049 (quoting *United States v. Jones*, 32 F.3d 1512, 1519 (11th Cir. 1994)).

In *Coleman*, we agreed with other circuits that a physical restraint exists "where a defendant limits a victim's freedom of movement by brandishing a firearm and compelling the victim to move from one location to another." *Id.* at 1050 (holding enhancement properly applied where, at gun point, robber ordered a bank employee to leave the employee's office and sit on the floor of the lobby while the robbery progressed); *see also United States v. Carpenter*, 819 F.3d 880, 885, 893 (6th Cir. 2016), *rev'd on other grounds*, *Carpenter v. United States*, 585 U.S. 296 (2018) (determining that physical restraint existed where "robbers entered the store, brandished

their guns, herded customers and employees to the back, and ordered the employees to fill the robbers' bags with new smartphones"); *United States v. Smith-Hodges*, 527 F. App'x 354, 356 (6th Cir. 2013) (holding enhancement applied to defendant's sentence for armed robbery when defendant "'walked [the victim] over to the passenger's side of [his] car and made [the victim] lay down on the sidewalk . . . at gunpoint'" (citing testimony)); *United States v. Perry*, 743 F. App'x 617, 619 (6th Cir. 2018) ("Under the Guidelines, physically restraining a bank teller includes pointing a gun at him and forcing him to move.").

The facts of this case fall squarely within the ambit of our precedent. McCormick located Brandon Serrano at the back of the store, pointed a gun at him, and caused Serrano to walk from the back of the store to the front where Serrano was made to stand with the other employees as McCormick locked the front door and held the employees at gunpoint while instructing the store manager, Jennifer Bonnell, to open the store's safe and empty the cash register drawers. *See* R. 94 (PSR at 4) (Page ID #696); R. 112 (Trial Tr. Vol. II at 324–26) (Page ID #1079–82); R. 116 (Sent'g Tr. at 10) (Page ID #1771). These facts, to which McCormick does not object, clearly show that he "limit[ed] a victim's freedom of movement by brandishing a firearm and compelling the victim to move from one location to another." *Coleman*, 664 F.3d at 1050.

McCormick makes two arguments to the contrary that warrant a response. First, he argues that *Coleman* is distinguishable because "[t]he purpose of sequestering the victim in *Coleman* was not in order to facilitate the robbery itself; rather, it was to monitor that individual afterwards in a separate room. Here, the Defendant moved the store employee to the cash register, not to surveille [sic] him, nor for any purpose other than to facilitate the robbery itself." Appellant Br. at 13. But this is a distinction without a difference because the Guidelines expressly provide that the

enhancement applies if physical restraint is used "to facilitate commission of the offense." U.S.S.G. § 2B3.1(b)(4)(B). And McCormick admits this was the very reason he forced Serrano to walk at gunpoint from the back of the store to the front.

Second, McCormick asserts that, "for the physical restraint enhancement to apply, the movement must be from one location to a more vulnerable position in a second location." Reply Br. at 4. Contrary to McCormick's assertion, *Coleman* simply does not stand for such a proposition; the word "vulnerable" does not appear in our *Coleman* opinion. Nor does it appear in any controlling opinion of this court interpreting § 2B3.1(b)(4)(B). The reference to vulnerability in our unreported *Smith-Hodges* decision serves to demonstrate why restraint beyond "being tied, bound, or locked up" is serious enough to trigger the enhancement, *see* U.S.S.G. § 1B1.1 cmt. n.1(L), and why "a strict 'physical component limitation is inapt,'" *Smith-Hodges*, 527 F. App'x at 357 (quoting *Coleman*, 664 F.3d at 1050).

In any event, if, as McCormick asserts, the employee in *Coleman* was more "vulnerable" in the bank lobby than in the bank employee's office, one could just as easily argue that here, in the front of the store (where the armed robbers were present), Serrano was more vulnerable than in the back of the store where he could have hidden or even escaped out of a back exit.

Because we hold that under our law U.S.S.G. § 2B3.1(b)(4)(B)'s physical-restraint enhancement applies to the facts at hand and, accordingly, that the district court did not err, there is no need to conduct a harmless-error analysis.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** McCormick's sentence.