NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0382n.06

Case No. 23-2061

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Sep 09, 2024
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JAMAR DEONTA HOKING,

  Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: COLE, MATHIS, and BLOOMEKATZ, Circuit Judges.

**MATHIS, Circuit Judge.** Jamar Hoking pleaded guilty to being a felon in possession of a firearm and received a within-Guidelines sentence of 46 months' imprisonment. On appeal, Hoking challenges his sentence, arguing that it is procedurally and substantively unreasonable. For the following reasons, we affirm.

**I.**

In the early morning hours of June 11, 2022, Hoking was driving his car in Saginaw, Michigan. A Michigan state trooper observed that Hoking's vehicle had illegally tinted windows and did not have its taillights on, and he also saw Hoking's vehicle cross the center line. The trooper pulled Hoking over. During the stop, the trooper saw a rifle lying on the car's rear floorboard. He then searched the vehicle and found two plastic bags containing over 100 ecstasy

pills, an open bottle of tequila, a loaded pistol under the driver's seat, two loaded rifles in the backseat, additional ammunition, and two empty shell casings.

The government charged Hoking with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Hoking pleaded guilty as charged.

At sentencing, Hoking's advisory Sentencing Guidelines range was 46 to 57 months.[1] Hoking argued for a significant downward variance from the Guidelines range because of childhood trauma, the death of his brother, and other mitigating factors. The district court denied his request and sentenced Hoking to 46 months' imprisonment—at the bottom of the Guidelines range. Although the district court acknowledged that mitigating factors weighed in Hoking's favor, it noted that the seriousness of both the instant offense and a prior state armed-robbery conviction cautioned against a downward variance. Hoking timely appealed.

## II.

Hoking challenges the reasonableness of his sentence. We review criminal sentences for both procedural and substantive reasonableness. *See United States v. Stubblefield*, 682 F.3d 502, 510 (6th Cir. 2012). "Reasonableness is determined under the deferential abuse-of-discretion standard." *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 218 (6th Cir. 2019) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998)). We review questions of law de novo and findings of fact for clear error. *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022).

---

[1] The district judge incorrectly stated that the Guidelines range was 46 to 71 months but neither party objected to his Guidelines calculation.

**A.**

Procedural reasonableness requires district courts to "properly calculate the [G]uidelines range, treat the [G]uidelines as advisory, consider the [18 U.S.C.] § 3553(a) factors and adequately explain the chosen sentence." *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012) (quotation omitted). Hoking argues that his sentence is procedurally unreasonable because, when the district court sentenced him, it failed to avoid unwarranted sentence disparities between Hoking's sentence and the sentences of others "with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6).

Section 3553(a)(6) concerns "national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). We have explained that "Section 3553(a)(6) is . . . 'an improper vehicle for challenging' a within-[G]uidelines sentence." *United States v. Medlin*, 65 F.4th 326, 334 (6th Cir. 2023) (quoting *United States v. Volkman*, 797 F.3d 377, 400 (6th Cir. 2015)). Because Hoking received a within-Guidelines sentence, "there are no grounds to say that the district court improperly compared" his sentence with the sentence of other individuals involved in similar conduct with similar records. *See id.*

Hoking also argues that his sentence would have been lower if he had been charged and convicted in state court. But "federal sentences cannot be compared to state sentences when evaluating § 3553(a)(6)" or else "all federal sentences would become dependent upon the law of the state within which the federal court sits." *United States v. Bass*, 17 F.4th 629, 637 (6th Cir. 2021).

**B.**

Substantive reasonableness concerns "whether the sentencing court gave reasonable *weight* to each" of the relevant § 3553(a) factors. *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019). This inquiry, when raised by a defendant, addresses "a claim that a sentence is too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "[T]his is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *Id.* Furthermore, we apply a rebuttable presumption of substantive reasonableness to a sentence within the properly calculated guidelines range. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Hoking argues that his sentence is substantively unreasonable because the district court did not give enough weight to mitigating factors. But the district court considered mitigating factors in Hoking's favor, such as Hoking's progress while on pretrial release, his dedication to his family, and his family's support for him. The court had to weigh these mitigating factors against aggravating ones, such as the seriousness of the instant offense, his past offenses, and the danger his conduct poses to his community. Far from only paying "lip service" to Hoking's positive traits, D. 11 at p.11, the court gave considerable weight to these mitigating factors, as it arrived at a sentence at the low end of the Guidelines range. It simply did not find that the mitigating factors outweighed the aggravating factors to such an extent to justify a downward variance. In essence, Hoking "asks us to balance the factors *differently* than the district court did," which our deferential standard of review precludes us from doing. *United States v. Ely,* 468 F.3d 399, 404 (6th Cir. 2006). As such, Hoking has failed to rebut the presumption of reasonableness for his within-Guidelines sentence. *See Vonner*, 516 F.3d at 389–90.

**III.**

For these reasons, we **AFFIRM** the district court's judgment.